# EXHIBIT A

Case No. 1:17-cv-02511-RJL



O'Melveny & Myers LLP
1999 Avenue of the Stars
8th Floor
Los Angeles, CA 90067-6035

T: +1 310 553 6700
F: +1 310 246 6779
omm.com

File Number:
0035586-00002

November 21, 2017

**Daniel M. Petrocelli**
D: 310-246-6850
dpetrocelli@omm.com

**CONFIDENTIAL TREATMENT REQUESTED**

Makan Delrahim, Esq.
Assistant Attorney General
United States Department of Justice, Antitrust Division
950 Pennsylvania Avenue, NW
Washington, DC  20530

Re:   *U.S. v. AT&T Inc. et al., Case No. 17-cv-02511*

Dear Makan:

As you know, we represent AT&T Inc. and Time Warner Inc. in the Division's lawsuit seeking to block AT&T's acquisition of Time Warner. As you also know, we believe that the Division's suit is unwarranted and intend to vigorously and expeditiously defend against the Division's case. To that end, we intend to seek the earliest trial date consistent with the Court's schedule. We believe that this is both necessary and appropriate in view of the April 22, 2018 deadline in the merger agreement and the fact that the Division has already had more than one year to investigate and evaluate the transaction. Also, the earlier the trial date, the more time will be available to the Court to consider and issue a decision.

We also seek prompt production of the investigative materials the Division has obtained as part of its investigation of this transaction, including materials produced by non-parties; and we request early identification of non-party witnesses that have allegedly relevant information that the Division may use at trial. To facilitate the production of these materials, we propose the parties adopt, on an interim basis, the attached Stipulated Protective Order. This interim Order is intended to expedite production of confidential non-party investigative materials by providing that, for now, only outside counsel for the parties may access such information. Further, to the extent the Division believes it necessary to provide notice to non-parties of the production of investigative materials even to outside counsel (and has not already done so),[1] we request that the Division immediately begin providing such notice in anticipation of producing these materials.

We look forward to conferring with the Division tomorrow about case management, scheduling, and discovery issues, including provisions of a revised Protective Order that,

---

[1]   We do not know the terms under which any non-party might have produced materials to the Division; nor do we know the nature of those materials; as a result, we do not concede that such notice is, in fact, necessary.

O'Melveny

consistent with prior cases, would provide for some limited number of in-house attorneys to access confidential investigative materials.

Please do not hesitate to contact me should you wish to discuss these matters.

Very truly yours,

Daniel M. Petrocelli
Partner
of O'MELVENY & MYERS LLP

DMP:ses

Enclosure

2