# EXHIBIT B

**Case No. 1:17-cv-02511-RJL**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*Plaintiff,*<br><br>v.<br><br>AT&T INC., DIRECTV GROUP HOLDINGS, LLC, and TIME WARNER INC.,<br><br>*Defendants.* | Case No. 17-cv-02511-RJL |

**[PROPOSED] SCHEDULING AND CASE MANAGEMENT ORDER**

1.      **Case Schedule.**  The court hereby adopts the following schedule:

| Event | Date |
|---|---|
| Fact Discovery Opens | Nov. 30, 2017 (Thu.) |
| Plaintiff Begins Rolling Production of Investigative Materials from Third Parties | Within 3 business days after entry of Protective Order |
| Plaintiff Completes Production of Investigative Materials from Third Parties | Within ___ days after entry of the Protective Order |
| Defendants' Response to Complaint | Dec. 11, 2017 (Mon.) |
| Plaintiff's Disclosure of Initial Fact Witness List | Dec. 22, 2017 (Fri.) |
| Defendants' Disclosure of Initial Fact Witness List | Dec. 29, 2017 (Fri.) |
| Plaintiff's Disclosure of Final Fact Witness List | Jan. 2, 2018 (Tues.) |
| Defendants' Disclosure of Final Fact Witness List | Jan. 5, 2018 (Fri.) |
| Plaintiff's Initial Expert Reports | Jan. 5, 2018 (Fri.) |
| Close of Fact Discovery | Jan. 16, 2018 (Tues.) |
| Status Conference | Jan. 17, 2018 (Wed.) |

| Parties to Submit Proposed Trial Procedures Order(s) | Jan. 19, 2018 (Fri.) |
|---|---|
| Defendants' Expert Reports | Jan. 22, 2018 (Mon.) |
| Plaintiff's Rebuttal Expert Reports | Jan. 29, 2018 (Mon.) |
| Close of Supplemental Discovery | Feb 5, 2018 (Mon.) |
| Close of Expert Discovery | Feb. 7, 2018 (Wed.) |
| Pretrial Motions (Including *Daubert* motions); Pretrial Briefs | Feb. 9, 2018 (Fri.) |
| Oppositions to Pretrial Motions | Feb. 12, 2018 (Mon.) |
| Final Exhibit Lists | Feb. 12, 2018 (Mon.) |
| Final Pretrial Conference | Feb. 14, 2018 (Wed.) |
| Trial Begins (10 Trial Days) | Feb. 20, 2018 (Tues.) |
| Trial Ends | Mar. 5, 2018 (Mon.) |
| Proposed Findings of Fact and Conclusions of Law | Mar. 13, 2018 (Tues.) |

2.     **Service of the Complaint.**  Counsel for Defendants, acting on behalf of Defendants, have accepted service of the Complaint and waived formal service of a summons.

3.     **Discovery Conference.**  The Parties' prior consultations and submission of their stipulated Orders relieve the Parties of their duty under Rule 26(f) of the Federal Rules of Civil Procedure and the Local Civil Rules to confer further generally about scheduling and a discovery plan.  The Parties will meet and confer when particular scheduling or discovery issues arise.

4.     **Definitions.**  The following definitions apply to this Order:

A.     "**Investigation**" means the Department of Justice's pre-Complaint inquiries into the proposed acquisition of Time Warner Inc. by AT&T Inc.

B.      "**Investigation Materials**" means non-privileged correspondence, documents, data, written information or statements, transcripts of testimony, exhibits used during testimony, declarations (including drafts), affidavits (including drafts), Civil Investigation Demands, informal requests for information, and other materials, any of which are in the Plaintiff's possession or under its control and:

(i)      were exchanged between any Defendant, or affiliated person or entity, and Plaintiff, either voluntarily or under compulsory process, during, and in connection with the Investigation; or

(ii)     were exchanged between any counsel for a Party who provided legal services to the Party in connection with the Investigation and any non-party not having an attorney-client or common-interest relationship with the Party (e.g., experts, consultants, and counsel for co-Defendants), where such communications were made for the purposes of the Investigation.

5.      **Calculation of Dates.**  Unless otherwise specified, dates are calculated according to Rule 6(a) of the Federal Rules of Civil Procedure.

6.      **Completion of Transaction.**  Defendants agree not to consummate or otherwise complete the challenged acquisition until 12:01 a.m. on the sixth calendar day following the entry of a final and appealable judgment, and only if the Court enters judgment in favor of Defendants or otherwise permits consummation of the challenged transaction.

7.      **Statement Regarding Local Civil Rules 16.3(c)(1) and (6): Dispositive Motions.**  Defendants consent, for the purposes of this case only, to personal jurisdiction and venue in this Court.

8.      **Statement Regarding Local Civil Rule 16.3(c)(3): Assignment to Magistrate Judge.**  The Parties do not believe this matter should be assigned to a magistrate judge for all purposes, including trial.

3

9.      **Statement Regarding Local Civil Rules 16.3(c)(4) and (5): Settlement Possibilities and ADR.**  All Parties are amenable to settling this case and have engaged in good-faith settlement negotiations, but despite their efforts, have not been able to do so. Defendants do not believe that this case would benefit from some form of alternative dispute resolution.  The Plaintiff does not believe that this case would benefit from some form of alternative dispute resolution.

10.     **Initial Disclosures.**  The Parties agree to waive exchange of disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure except as otherwise provided in this paragraph.  The Plaintiff need not produce back to each Defendant documents, data, or other materials originally received from that same Defendant, either voluntarily during the Investigation or in response to any request during the Investigation.  The Plaintiff United States' only Rule 26(a)(1) disclosure obligation is to produce non-privileged data and documents it obtained during the Investigation.  The Plaintiff United States shall within fourteen days of the filing of the complaint produce such documents and data.

11.     **Timely Service of Fact Discovery.**  All discovery, including discovery served on non-parties, must be served in time to permit completion of responses by the close of fact discovery, except for document and deposition discovery related to new persons and related entities added to the Parties' final trial witness lists ("supplemental discovery").  Discovery from the new persons and related entities added to the Parties' final trial witness lists will occur during the period for supplemental discovery.  Supplemental discovery (a) may be conducted from the Parties or the new persons and related entities, and (b) must be served in time to permit completion of responses by the close of supplemental discovery, as set forth in the table above. Furthermore, discovery of new persons and related entities must be completed by the close of the

period for supplemental discovery.  For new persons and related entities added to the Parties'

final trial witness lists, the Parties, if they intend to depose the person, must notice the deposition

within seven days of the service of such final witness list and the Parties must serve objections to

the requests for production of documents within three days of service of the requests and

responsive productions (subject to any objections or custodian issues that have not been

resolved) will be made on a rolling basis with a good-faith effort to be completed no later than

fifteen days after service of the requests for production.

> **12.   Discovery.**

> A.    *Interrogatories.*  Defendants collectively may serve up to 20

interrogatories on the Plaintiff.  Plaintiff may serve up to 20 interrogatories on the Defendants

collectively.  The Parties must respond in writing to interrogatories within 20 days after they are

served.

> B.    *Requests for Admission.*  Plaintiff may serve up to 15 requests for

admission on the Defendants collectively.  Defendants collectively may serve up to 15 requests

for admission on the Plaintiff.  Requests for admission relating solely to the authentication or

admissibility of documents, data, or other evidence will not count against these limits.  The

Parties must respond in writing to requests for admission within 20 days after they are served.

> C.    *Written Responses to Requests for Production.*  Except as provided in

paragraph 11, or as otherwise agreed or ordered, responsive productions will be made on a

rolling basis.  The Parties must serve any objections to requests for production of documents,

including a proposal for custodians to search, within eight days after the requests are served.

Within three days after serving any objections, the Parties will meet and confer to attempt to

resolve the conflicts.  Responsive productions following resolution of objections, search

methodology, and custodians will be completed on a rolling basis with a good-faith effort to be completed no later than 21 days after resolution.

D. *Data Compilations.* In response to any Rule 34 requests for data or data compilations, the Parties will meet and confer in good-faith regarding the requests and the timing of any data production and make employees knowledgeable about the content, storage, and production of data available for informal, off-the-record consultations during a meet-and-confer process.

E. *Privilege Logs.* The Parties agree that the following privileged or otherwise protected communications may be excluded from privilege logs:

(i) any documents or communications sent solely between counsel for the Defendants or persons employed by or acting on behalf of such counsel, including but not limited to communications between counsel and consultants or testifying experts that need not be disclosed pursuant to paragraph 12(I) of this Order;

(ii) any documents or communications sent solely between counsel for the United States Department of Justice or persons employed by or acting on behalf of such counsel;

(iii) documents that were not directly or indirectly furnished to any non-party, such as internal memoranda, and that were authored by the Parties' outside counsel (or persons acting on behalf of such counsel) or by counsel for the Plaintiff (or persons employed by Plaintiff);

(iv) documents or communications sent solely between outside counsel for the Parties (or persons employed by or acting on behalf of them) and employees or agents of each Party;

(v) documents or communications created by outside counsel, or exchanged between outside counsel for either Defendant and inside counsel for either Defendant;

(vi) privileged documents relating exclusively to the preparation of requests for or responses to any Second Request or Civil Investigative Demand;

(vii) privileged draft contracts;

(viii)      draft litigation filings;

(ix)      draft regulatory filings; and

(x)      non-responsive, privileged documents attached to responsive documents.

The Parties also agree to the following guidelines concerning the preparation of privilege logs: (a) a general description of the litigation underlying attorney work-product claims is permitted, (b) identification of the name and the company affiliation for each non-defendant person is sufficient identification, and (c) identification of the name and the department for each defendant person is sufficient identification.

      F.    *Inadvertent Production of Privileged Material.*  Under Federal Rule of Evidence 502(d), the production of any documents or data subject to attorney-client privilege, work-product protection, or other applicable legal or evidentiary privilege ("Produced Privileged Material") is not a waiver in the pending case or in any other federal or state proceeding. A Party or person claiming privilege or other protections for Produced Privileged Material must promptly notify any and all Receiving Parties that received the documents and provide sufficient information to the Receiving Party regarding the asserted privileges, in the form of a privilege log as outlined in Rule 26(b)(5) of the Federal Rules of Civil Procedure.  Alternatively, if a Receiving Party discovers a document that it believes to be Produced Privileged Material, the Receiving Party will promptly notify the Designating Party of what it believes to be the Produced Privileged Material (no Receiving Party will be found in violation of this Order for failing to identify Produced Privileged Material).

      After discovering or being notified of Produced Privileged Material, any Receiving Party may not use or disclose the inadvertently Produced Privileged Material in any way until the claim is resolved, and must take reasonable steps to retrieve the material if the Receiving Party

7

disclosed it before being notified of or discovering the inadvertent production.  In addition, within five days of discovering or being notified of Produced Privileged Material, any Receiving Party must return, sequester, or destroy the specified material and any copies.  The Designating Party must retain a copy of the material until the resolution or termination of this Case.  A Party may move the Court for an order compelling production of the material, but such Party may not assert as a ground for entering such an order the mere fact of inadvertent production.  The Party asserting the privilege must file its opposition under seal and submit a copy of the material in question for in camera review.

Nothing in this order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Party or person that produced the materials of such occurrence.

This Order is not intended to impose on a Party a waiver of its rights to review its documents for privilege or any other reason (including to identify non-responsive documents) and the existence of this Order cannot be used to compel a Party to produce documents without review.  Moreover, this Order does not mean that the cost of review should not be considered in whether any particular discovery is proportionate (i.e., that the benefit of the discovery is not as great as the cost of said discovery including review).

G.   *Depositions of Fact Witnesses*.  Each side may take depositions of any persons identified on the other side's preliminary or final trial witness lists.  In addition, the Plaintiff may take 10 depositions of party fact witnesses and 100 hours of depositions of non-party fact witnesses, and the Defendants collectively may take 10 depositions of party fact witnesses and 100 hours of depositions of non-party fact witnesses.  Depositions taken during the Investigation do not count toward the number of depositions allowed by this Order.

Depositions taken for the sole purpose of establishing the location, authenticity, or admissibility of documents produced by any Party or non-party do not count toward the limit on depositions.  These depositions must be designated as such at the time that the deposition is noticed, and will be noticed only after the Party taking the deposition has taken reasonable steps to establish location, authenticity, or admissibility through other means.

All depositions of fact witnesses are limited to a maximum of seven hours of examination.  Rule 30(b)(6) depositions shall be limited to seven hours regardless of the number of witnesses produced for testimony.  Each Rule 30(b)(6) deposition notice must seek testimony on reasonably related topics.  Each such deposition will count as one deposition against the noticing side's maximum, regardless of the number of witnesses produced for testimony.  For any deposition, the Parties and any affected non-party may stipulate to additional time beyond the seven hours provided by the Federal Rules of Civil Procedure.  Absent agreement of the Parties, the length of depositions provided for in this Order may only be modified by an order granted by the Court for good cause.  In the event a deposition is appropriate, the Parties will make witnesses available in this District whose depositions are noticed in this action, unless the Parties otherwise agree to a deposition outside this District.  The parties will make good-faith efforts to make party witnesses available for deposition upon ten days' notice.

H.      *Non-parties.*  If a Party serves on a non-party a subpoena for the production of documents or electronically stored information and a subpoena commanding attendance at a deposition, the scheduled deposition date must be at least seven business days after the return date for the document subpoena.  If extending the date of production for the document subpoena results in fewer than seven business days between the extended production date and the date scheduled for that non-party's deposition, the date scheduled for the deposition

9

must be postponed to be at least seven business days following the extended production date,

unless the other Party consents to fewer than seven business days.

The Parties will meet and confer regarding the division of deposition time for specific

non-parties that are not included on any Party's preliminary or final witness list, including those

only noticed by one side, those cross-noticed by both sides, and for those that Plaintiff has

already deposed during the course of its investigation.  A Party may not notice or cross-notice a

non-party that appears on its own witness list, and the opposing Party will be allowed at least

five hours of deposition time with that non-party.

In addition, if a Party serves on a non-party a subpoena for the production of documents

or electronically stored information, the noticing Party within two days must copy and produce

in the format that they received the materials obtained from the non-noticing Party.

I. *Expert Witness Disclosures and Depositions.*  Expert disclosures,

including each Party's expert reports, shall be conducted in accordance with Federal Rule of

Civil Procedure 26(a)(2) and 26(b)(4), except that neither the Plaintiff nor the Defendants must

preserve or disclose, including in expert deposition testimony, the following documents or

information:

(i)   any form of oral or written communications, correspondence, or work product not relied upon by the expert in forming any opinions in his or her final report shared between any Party's counsel and its experts or between any agent or employee of any Party's counsel and the Party's experts, between testifying and non-testifying experts, between non-testifying experts, or between testifying experts;

(ii)   any form of oral or written communications, correspondence, or work product not relied upon by the expert in forming any opinions in his or her final report shared between experts and any persons working at the direction of and assisting the expert;

(iii)       the expert's notes, except for the expert's fact-witness interview notes relied upon by the expert in forming any opinions in the expert's report;

(iv)       drafts of expert reports, affidavits, or declarations; and

(v)       data formulations, data runs, data analyses, or any database-related operations not relied upon by the expert in forming any opinions in his or her final report.

The Parties agree that the following materials will be disclosed:

(vi)       all final reports;

(vii)       a Bates numbered list of all documents relied upon by the testifying expert in the final report; and copies of any materials relied upon by the expert in the final report not previously produced that are not readily available publicly; and

(viii)       for any calculations appearing in the final report, all data and programs underlying the calculation, including all programs and codes necessary to recreate the calculation from the initial ("raw") data files.

Each expert deposition is limited to seven hours of examination, and expert witnesses will be made available for deposition upon three days' notice.

13.    **Witness Lists (Preliminary Trial and Final Trial).**  Each side is limited to 20 persons (excluding experts) on its preliminary trial witness list, and 15 persons (excluding experts) on its final trial witness list.  Both the preliminary trial witness list and the final trial witness list must be good-faith attempts to identify for the other side the witnesses the Party expects that it may present at trial other than solely for impeachment.  The final trial witness lists may identify no more than 7 witnesses that were not identified in the preliminary trial witness list.  If any new witnesses (who have not already been deposed in this litigation) are added to a final witness list that were not on that side's preliminary witness list, a deposition by the other side of such witness will not count against that side's total deposition allotment, and may be taken after the close of discovery during the supplemental discovery period.  Any witness who

11

resides outside the United States on the witness lists of the Defendants will be produced by the Defendants for deposition in the United States.  This provision does not limit a Party's right to designate portions of any deposition transcript for entry in evidence at trial.

The final trial witness list must comply with Rule 26(a)(3)(A) of the Federal Rules of Civil Procedure, except that telephone number and address information need not be provided for any witness who is either an employee of a Defendant or who has been deposed during this litigation.  The parties will meet and confer regarding whether and when to exchange deposition designations, counter designations, and objections, and will thereafter submit an agreed upon order – or, if necessary, competing orders – with a schedule for the Court's consideration.

14.    **Nationwide Service of Trial Subpoenas.**  To assist the Parties in planning discovery, and in view of the geographic dispersion of potential witnesses in this action outside this District, each side is permitted, as authorized by 15 U.S.C. § 23, to issue trial subpoenas that may run into any other federal districts requiring witnesses to attend this Court.  If a witness is available for trial but has been deposed in this litigation, and both Plaintiff and Defendants were present for that deposition, that witness's deposition transcript, or portions thereof, may be designated in accordance with the terms of Paragraph 14.

15.    **Discovery of Confidential Information.**  Discovery and production of confidential information is governed by the Protective Order that the Parties are filing with the Court.  After entry by the Court, a copy of the Protective Order will be sent to any non-parties that have been served with discovery requests, notices, or subpoenas.

16.    **Service of Pleadings and Discovery on Other Parties.**  Service of all pleadings, discovery requests, including Rule 45 subpoenas for testimony or documents, expert disclosures, and delivery of all correspondence in this matter will be made by ECF or e-mail, except when the

volume of attachments requires overnight delivery, to the following individuals designated by

each Party:

*For Plaintiff:*

Alvin H. Chu
Pete Schwingler
U.S. Department of Justice
450 Fifth Street NW, Suite 7000
Washington, DC 20530
alvin.chu@usdoj.gov
peter.schwingler@usdoj.gov

*For Defendants AT&T Inc. and DirecTV Group Holdings, LLC:*

Daniel M. Petrocelli
Katrina M. Robson
Kenneth R. O'Rourke
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, D.C. 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
dpetrocelli@omm.com
krobson@omm.com
korourke@omm.com

Robert C. Walters
Michael L. Raiff
GIBSON DUNN & CRUTCHER
2100 McKinney Avenue
Suite 1100
Dallas, TX 75201
Telephone: (214) 698-3114
Facsimile: (214) 571-2932
rwalters@gibsondunn.com
mraiff@gibsondunn.com

*For Defendant Time Warner, Inc.:*

Daniel M. Petrocelli
Katrina M. Robson
Kenneth R. O'Rourke
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, D.C. 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
dpetrocelli@omm.com
krobson@omm.com
korourke@omm.com

Christine A. Varney
Peter T. Barbur
Kevin J. Orsini
CRAVATH, SWAINE & MOORE LLP
825 8th Ave
New York, NY 10019
Telephone: (212) 474-1140
Facsimile: (212) 474-3700
cvarney@cravath.com
pbarbur@cravath.com
korsini@cravath.com

For purposes of calculating discovery response times under the Federal Rules of Civil

Procedure, electronic delivery will be treated in the same manner as hand delivery.

17.     **Evidentiary Presumptions.**  The Parties will meet and confer in good-faith

regarding the authenticity and admissibility of documents, data, or other evidence.  Documents

produced by Parties and non-parties from their own files are presumed to be authentic within the

meaning of Rule 901 of the Federal Rules of Evidence.  Any good-faith objection to a

document's authenticity must be provided with the exchange of other objections to trial exhibits.

If the opposing side serves a specific good-faith written objection to the document's authenticity,

the presumption of authenticity will no longer apply to that document and the Parties will

promptly meet and confer to attempt to resolve any objection.  Any objections that are not

resolved through this means or the discovery process will be resolved by the Court.

18.     **Trial Procedures Order.**  The Parties will meet and confer in good-faith regarding a trial procedures order to govern issues concerning the number of trial exhibits, the timing and manner of the exchange of exhibit lists and deposition designations, including counter-designations and objections to the admissibility of any such exhibits and designations, exchange of demonstratives to be used at trial and objections to those demonstratives, and to address the treatment of confidential information at trial, including confidential information produced by non-parties and notice to those non-parties whose confidential information might be used at trial.  After meeting and conferring on these issues, the Parties will, by the date indicated in Paragraph 1 above, either jointly submit a proposed trial procedures order addressing these and any other issues the Parties consider appropriate for the Court's consideration, or, if they fail to reach agreement on all of the issues to be addressed by the order, the Parties will submit separate proposed orders with a short memorandum briefly explaining the differences between the competing orders and the basis for their position.  The Court will address any unresolved issues at the Final Pretrial Conference.

19.     **Modification of Scheduling and Case Management Order.**  Any Party may seek modification of this Order for good cause.

20.     **Motions for Extensions.**  Parties seeking extensions of dates set out in this Order should seek them in a timely fashion, before the relevant deadline passes.

21.     **Status Conference.**  A status conference is set for _____.

**SO ORDERED.**

_____
Hon. RICHARD J. LEON
United States District Judge

Dated:  November ___, 2017

15