# – Exhibit A –

Plaintiff's Proposed Scheduling and Case Management Order

*United States v. AT&T Inc. et al.*, No. 17-cv-02511-RJL

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff,*<br><br>v.<br><br>AT&T INC., DIRECTV GROUP<br>HOLDINGS, LLC, and<br>TIME WARNER INC.,<br><br>    *Defendants.* | Case No. 1:17-cv-02511-RJL |

## [PROPOSED] SCHEDULING AND CASE MANAGEMENT ORDER

1. **Case Schedule**.  Unless otherwise specified, days shall be counted pursuant to

Federal Rule of Civil Procedure 6(a).  The Court hereby adopts the following schedule:

| Event | Date |
|---|---|
| Protective Order Entered and Fact Discovery Begins | [Date Protective Order entered] |
| Investigation Materials from Third Parties Production Begins On a Rolling Basis (Based on receipt of written statement from third party not objecting to disclosure) | Within 10 calendar days after Protective Order entered |
| Investigation Materials from Third Parties Production Completed (Except for any with unresolved objections to the Protective Order) | Within 20 calendar days after Protective Order entered |
| Deadline to amend pleadings or join parties | Dec. 13, 2017 |
| Parties exchange preliminary fact witness lists | Jan 16, 2018 |
| Parties exchange final fact witness lists | Feb. 16, 2018 |
| Close of fact discovery | Mar. 2, 2018 |
| Parties meet and confer regarding maximum number of trial exhibits (other than demonstrative exhibits) | Mar. 2, 2018 |

| Event | Date |
|---|---|
| Initial Expert Report: Plaintiff to serve its Rule 26(a)(2)(B) initial expert witness disclosures in support of its claims that contain complete statements of all opinions the witness will express and the basis and reasons for those opinions on that issue; Defendants to serve their Rule 26(a)(2)(B) initial expert witness disclosures on efficiencies and synergies that contain complete statements of all opinions the witness will express and the basis and reasons for those opinions on that issue | Mar. 5, 2018 |
| Joint submission regarding maximum number of trial exhibits (other than demonstrative exhibits) | Mar. 12, 2018 |
| Close of Supplemental Discovery | Mar. 16, 2018 |
| Rebuttal Expert Report: Plaintiff and Defendants to serve Rule 26(a)(2)(D)(ii) expert witness disclosures that are intended solely to contradict or rebut evidence on the same subject matter identified by the other party | Mar. 28, 2018 |
| Parties exchanges exhibit lists and opening deposition designations | Mar. 30, 2018 |
| United States identifies 50 sample trial exhibits | Mar. 30, 2018 |
| Each party informs each non-party of all documents produced by that non-party that are on that party's exhibit list and all depositions of that non-party that have been designated by that party | Mar. 30, 2018 |
| Parties meet and confer regarding confidentiality of United States' 50 sample trial exhibits | Apr. 2, 2018 |
| Joint submission regarding disputes about confidentiality of United States' 50 sample trial exhibits | Apr. 5, 2018 |
| Each side exchanges its objections to the other side's exhibits and opening deposition designations and its deposition counter-designations | Apr. 5, 2018 |
| Each side exchanges its objections to the other side's deposition counter-designations and its counter-counter-designations | Apr. 5, 2018 |
| Hearing regarding disputes about confidentiality of United States' 50 sample trial exhibits | Apr. 9, 2018 |
| Non-parties provide notice whether they object to the potential public disclosure at trial of any non-party documents and depositions, explain the basis for any such objections, and propose redactions where possible | Apr. 9, 2018 |
| Parties meet and confer regarding admissibility of trial exhibits and deposition designations | Apr. 11, 2018 |

| Event | Date |
|-------|------|
| Parties meet and confer regarding disputes about confidentiality of party documents on trial exhibit lists | Apr. 11, 2018 |
| Parties and non-parties meet and confer regarding confidentiality of non-party documents on trial exhibit lists and non-party depositions | Apr. 11, 2018 |
| Parties meet and confer regarding motions *in limine* | Apr. 13, 2018 |
| Reply Expert Report: Plaintiff and Defendants to serve their reply reports or responses to any report by the opposing expert witness under Rule 26(a)(2)(D)(ii) | Apr. 20, 2018 |
| Motions *in limine* to be filed | Apr. 20, 2018 |
| Joint submission regarding disputes about admissibility of trial exhibits and deposition designations | Apr. 23, 2018 |
| Joint submission regarding disputes about confidentiality of party documents on trial exhibit lists to be filed | Apr. 23, 2018 |
| Joint submissions regarding disputes about confidentiality of each non-party's documents on trial exhibit lists and non-party depositions to be filed | Apr. 23, 2018 |
| Oppositions to motions *in limine* to be filed | Apr. 27, 2018 |
| Pretrial briefs to be filed | Apr. 27, 2018 |
| Close of expert discovery | Apr. 30, 2018 |
| Parties submit final trial exhibits to Court | May 2, 2018 |
| Final pretrial conference | May 2, 2018 |
| Trial Begins (anticipated 15 days) | May 7, 2018 |
| Parties submit Proposed Findings of Fact and Conclusions of Law | 5 business days after conclusion of trial |

2. **Service of Complaint**:  Counsel for Defendants, acting on behalf of Defendants, have accepted service of the Complaint and have waived formal service of a summons.

3. **Discovery Conference**.  The parties' prior consultations and submission of this Order relieve the parties of their duty under Federal Rule of Civil Procedure 26(f).

4. **Completion of Planned Transaction**.  Defendants have agreed that they will not close, consummate, or otherwise complete the Planned Transaction until 12:01 a.m. on the sixth day following the entry of the judgment by the Court, and only if the Court enters an appealable

3

order that does not prohibit consummation of the transaction.  For purposes of this Order, "Planned Transaction" means AT&T Inc./DIRECTV GROUP HOLDINGS, LLC's planned acquisition of Time Warner, Inc. Defendants will provide the Plaintiff with 72 hours' notice before closing.

     **5.**     **Dispositive Motions**.  Due to the compressed schedule before trial, the parties agree that no case dispositive motions shall be filed in this action.

     **6.**     **Discovery of Confidential Information**.  Discovery and production of confidential information shall be governed by any Protective Order entered by the Court in this action, and a copy of all such orders shall be included with any discovery requests, notices, or subpoenas directed to non-parties.

     **7.**     **Initial Disclosures**.  The Parties agree to waive the exchange of disclosures under Federal Rule of Procedure 26(a)(1) and instead will produce the Investigation Materials pursuant to the terms of this Order.

     **8.**     **Statement Regarding Local Civil Rule 16.3(c)(3)**: Assignment to Magistrate Judge.  The Parties do not believe this matter should be assigned to a magistrate judge for all purposes, including trial.

     **9.**     **Statement Regarding Local Civil Rules 16.3(c)(4) and (5)**: Settlement Possibilities and ADR.  All Parties have engaged in good-faith settlement negotiations, but despite their efforts, have not been able to do so.  Defendants [does/does not] believe that this case would benefit from some form of alternative dispute resolution (other than the court's ADR procedures).  The Plaintiff does not believe that this case would benefit from some form of alternative dispute resolution.

10.     **Investigation Materials and Similar Post-Complaint Materials**.

(a)     **Definitions of Investigation Materials**. "Investigation Materials" means non-privileged correspondence, documents, data, written information or statements, transcripts of testimony, declarations (including drafts), affidavits (including drafts), and other materials created or provided for purposes of the Investigation that (i) were exchanged between any Party and any non-Party not having an attorney-client or common-interest relationship with the Party (e.g., experts, consultants, counsel for co-Defendants, and counsel for state attorneys general and foreign competition agencies), either voluntarily or under compulsory process, during and in connection with the Investigation; or (ii) any Party provided to any other Party, either voluntarily or under compulsory process, during and in connection with the Investigation. For purposes of this Order, the "Investigation" shall mean any review, assessment, or investigation of the Planned Transaction, including any defense to any claim that the Planned Transaction would violate Section 7 of the Clayton Act.

(b)     **Production**.  The parties will produce, consistent with the timeframe listed above and the Stipulated Protective Order, all Investigation Materials, regardless of whether the materials were received informally or through compulsory process (such as a subpoena or Civil Investigative Demand) and regardless of whether a party received the materials in hard-copy or electronic form.  The Parties will promptly and on a rolling basis produce the Investigation Materials consistent with this schedule and the terms of the Protective Order. The Parties, during this case, will neither request nor seek to compel the production of any interview notes, interview memoranda, or recitation of information contained in such notes or memoranda except for such material relied upon by a testifying expert and not produced in compliance with paragraph 20(b)(ii).  Nothing in this Order requires the production of any

Party's attorney work product, confidential attorney-client communications, communications with or information provided to any potentially or actually retained expert, or materials subject to the deliberative process or any other governmental privilege.  Notwithstanding the definition of Investigatory Materials, Plaintiff need not produce back to Defendants documents, data, or other materials originally received from Defendants, either voluntarily during the Investigation or in response to any request during the Investigation, and nor shall Plaintiff need produce to a Defendant documents, data, or other materials received from any other Defendant, either voluntarily during the Investigation or in response to any request during the Investigation. Defendants may, at their discretion, produce documents they respectively produced to Plaintiff during the Investigation to each other.  Defendants need not produce back to the United States documents, data, or other materials originally produced to the United States, either voluntarily during the Investigation or in response to any request during the Investigation.

(c)     **Privilege**.  Pursuant to Federal Rule of Evidence 502(d), the production of Investigation Materials does not constitute a waiver of any protection that would otherwise apply to any other attorney work product, confidential attorney-client communications, or materials subject to the deliberative-process or any other governmental privilege concerning the same subject matter as such Investigation Materials.

(d)     **Data Compilations**.  In response to any Rule 34 requests for data or data compilations, the Parties will meet and confer in good faith regarding the requests and the timing of any data production and make employees knowledgeable about the content, storage, and production of data available for informal consultations during a meet-and-confer process.

      **(e)**     **Confidentiality**.  The parties shall treat all Investigation Materials provided pursuant to paragraph 10(b) as "Confidential Information," as described in the concurrently filed Proposed Protective Order at all times before the Court enters a Protective Order.

      **11.**     **Fact Witness Lists**.  Plaintiff is limited to 35 natural persons on its preliminary trial fact witness list, and the Defendants collectively are limited to 35 natural persons on their preliminary trial fact witness list.  The preliminary fact witness lists must provide the address and telephone number of each witness.

      Plaintiff is limited to 30 natural persons on its final trial fact witness list, and the Defendants collectively are limited to 30 natural persons on their final trial fact witness list. Each witness for which a side offers deposition designations to be offered at trial must be included as a witness on that side's final trial fact witness list, and this designation shall count against the 30 natural person limit.  Each side's final trial fact witness list may identify no more than 7 fact witnesses that were not identified on that side's preliminary trial fact witness list.  If any new fact witnesses are added to a final trial fact witness list that were not on that side's preliminary trial fact witness list, a deposition by the other side of such witness does not count against that other side's total deposition time.  The final trial fact witness lists must comply with Federal Rule of Civil Procedure 26(a)(3)(A)(i)-(ii).

      In preparing preliminary trial fact witness lists and final trial fact witness lists, the parties must make good-faith attempts to identify the witnesses (excluding expert witnesses) whom they expect that they may present at trial other than solely for impeachment.  No party may call a person to testify at trial unless (a) that person was identified on that party's final trial fact witness list; (b) all parties agree that that party may call that person to testify; or (c) that party

demonstrates good cause for allowing it to call that person to testify, despite that party's failure to identify that person sooner.

**12.    Timely Service of Fact Discovery and Supplemental Discovery**.  All discovery, including discovery served on non-parties, must be served in time to permit completion of responses by the close of fact discovery, except that Supplemental Discovery must be served in time to permit completion of responses by the close of Supplemental Discovery.  For purposes of this Order, "Supplemental Discovery" means document and deposition discovery, including discovery served on non-parties, related to any person identified on a side's final trial fact witness list who was not identified on that side's preliminary trial fact witness list (including document and deposition discovery related to entities related to any such person).  Depositions that are part of Supplemental Discovery must be noticed within 7 days of exchange of the final trial fact witness lists.

**13.    Written Discovery on Parties**.

**(a)    Requests for Production**.  There is no limit on the number of requests for the production of documents that may be served by the parties.  The parties must serve any objections to requests for productions of documents within 5 business days after the requests are served.  Within 2 business days of service of any objections, the parties must meet and confer to attempt to resolve any objections and to agree on custodians to be searched.  Responsive productions (subject to any objections or custodian issues that have not been resolved) must be made on a rolling basis and must begin no later than 21 days after service of the request for production.  Responsive productions must be completed no later than 14 business days after resolution of objections and custodian issues.  Notwithstanding any other part of this paragraph, in responding to requests for production of documents that are part of Supplemental Discovery,

the parties must (a) serve any objections to such requests for production of documents within 3 business days after the requests are served; (b) make responsive productions (subject to any objections or custodian issues that have not been resolved) on a rolling basis; and (c) complete such productions no later than 7 business days after the requests are served.

   **(b)**  **Document Productions**. The Defendants agree that all documents produced from their files during discovery shall be produced in compliance with Plaintiff's standard specifications for production of electronically stored information and in the same agreed to format as documents produced from their files during Plaintiff's investigation of the Proposed Transaction.

   **(c)**  **Requests for Data**.  In response to any requests for data or data compilations, the parties will meet and confer in good faith regarding the requests and will make employees knowledgeable about the content, storage, and production of data available for informal consultations during the meet-and-confer process.  The parties must serve any objections to requests for data or data compilations within 5 business days after the requests are served.  Within 2 business days of service of any objections, the parties must meet and confer to attempt to resolve any objections.  Throughout the meet-and-confer process, the parties will work in good faith to enable the complete production of data or data compilations no later than 14 days after service of the requests for production.

   **(d)**  **Interrogatories**.  Interrogatories are limited to 15 (including discrete subparts) by the United States to the Defendants collectively and to 15 (including discrete subparts) by Defendants collectively to the United States.  Unless otherwise agreed, the parties shall respond in writing to interrogatories within 21 days after service. Within 2 business days of service of any objections, the parties must meet and confer to attempt to resolve any objections.

(e)     **Requests for Admission**.  Requests for admission are limited to 10 by the United States to the Defendants collectively and to 10 by Defendants collectively to the United States. Requests for admission relating solely to the authentication or admissibility of documents, data, or other evidence (which are issues that the parties shall attempt to resolve initially through negotiation) do not count against these limits.  Unless otherwise agreed, the parties must respond in writing to requests for admissions within 21 days after service.  Within 2 business days of service of any objections, the parties must meet and confer to attempt to resolve any objections.

14.     **Written Discovery on Non-Parties**.  The parties will in good faith cooperate with each other with regard to any discovery to non-parties in an effort to minimize the burden on non-parties. Each party must serve a copy of any discovery request to a non-party on the other side at the same time as the discovery request is served on the non-party. Every discovery request to a non-party shall include a cover letter requesting that (a) the non-party stamp each document with a production number and any applicable confidentiality designation prior to producing it; (b) the non-party provide to the other side copies of all productions at the same time as they are produced to the requesting party; and (c) the non-party provide to the other side copies of all written correspondence with any party concerning the non-party's response to or compliance with any discovery request (including any extensions or postponements) within 1 business day of the correspondence. Each party requesting the discovery shall also provide to the other side copies of all written correspondence with the non-party concerning the non-party's response to or compliance with the discovery request (including any extensions or postponements) within 1 business day of the correspondence. If a non-party fails to provide copies of productions and correspondence to the other side, the requesting party shall provide such copies to the other side within 3 business days of the requesting party receiving such

materials from the non-party. If a non-party fails to stamp its documents with a production

number and confidentiality designation, the requesting party shall as soon as practicable after

receiving the documents from the non-party apply such stamp and produce the stamped copies to

the other side.

      **15.**    **Depositions**.  Each side is permitted to take up to a maximum of 300 hours of

party depositions and 100 hours of non-party depositions.  During non-party depositions, the

non-noticing side shall receive at least two hours of examination time.  If a non-party deposition

is noticed by both sides, then time shall be divided equally between the sides. Any time allotted

to one side not used by that side in a non-party deposition may be used by the other side up to the

7-hour limit in total.  Any party may further depose any person whose deposition was taken

pursuant to a Civil Investigative Demand, and the fact that such person's deposition was taken

pursuant to a Civil Investigative Demand may not be used as a basis for any party to object to

that person's deposition.

      If a party serves on a non-party a subpoena for the production of documents or

electronically stored information and a subpoena commanding attendance at a deposition, the

scheduled deposition date must be at least 7 business days after the return date for the document

subpoena. If extending the date of production for the document subpoena results in fewer than 7

business days between the extended production date and the date scheduled for that non-party's

deposition, the date scheduled for the deposition must be postponed to be at least 7 business days

following the extended production date, unless the other party consents to fewer than 7 business

days.

      The following depositions do not count against the 300 hours cap imposed on party

depositions or the 100 hours cap imposed on non-party depositions:  (a) depositions of any

persons identified on a side's final trial witness list who were not identified on that side's preliminary trial witness list; (b) depositions of the parties' designated expert witnesses; (c) depositions taken pursuant to Civil Investigative Demands; and (d) depositions taken for the sole purpose of establishing the location, authenticity, or admissibility of documents produced by any party or non-party, provided that such depositions may be noticed only after the party taking the deposition has taken reasonable steps to establish location, authenticity, or admissibility through other means, and further provided that such depositions must be designated as being taken for the sole purpose of establishing the location, authenticity, or admissibility of documents at the time that they are noticed.

Depositions of fact witnesses are limited to no more than one (7-hours on the record) day unless otherwise stipulated.  Parties will make witnesses available for deposition upon 7 business days' notice.  Parties will make their employees available for depositions in Washington, D.C.

**16.     Evidence from a Foreign Country**.  Before either side may offer documentary or testimonial evidence from an entity or person located in a foreign country, the other side must be afforded an opportunity by the entity or person (or both, when applicable) to obtain documentary and deposition discovery.

**17.     Privilege Logs**.

**(a)     Production of Documents Involving Privilege Material**.  All non-privileged portions of any responsive document (including any non-privileged or redacted family members) as to which a privilege claim is asserted must be produced.  When any family member of a produced document is withheld for privilege, the producing party will insert a placeholder indicating that a document has been withheld from the family on claim of privilege or, if the

withheld family member is not responsive, that a non-responsive document has been withheld

from the family on the claim of privilege.

      **(b)**     **Exclusions from Privilege Logs**.  The parties agree that the following

privileged or otherwise protected communications may be excluded from privilege logs:

    (i)    documents or communications sent solely among outside counsel for the Defendants (or persons employed by or acting on behalf of such counsel);

    (ii)    documents or communications sent solely among counsel of the United States (or persons employed by or acting on behalf of the United States Department of Justice);

    (iii)    documents or communications sent solely among counsel for the United States and counsel for the state attorneys general (or persons employed by the U.S. Department of Justice or the state attorneys general);

    (iv)    documents or communications sent solely among counsel of the United States (or persons employed by the United States Department of Justice) and counsel for any executive-branch or independent agency of the federal government;

    (v)    documents or communications sent solely among counsel for the United States and counsel for any foreign competition agency or other government agency (or persons employed by the United States Department of Justice or such foreign agency or other government agency);

    (vi)    documents or communications sent solely among outside counsel for either Defendant and inside counsel for that Defendant who work exclusively in its in-house counsel's office and have no business responsibilities;

    (vii)    documents that were not directly or indirectly furnished to any non-party, such as internal memoranda, and that were authored by the Parties' outside counsel (or persons acting on behalf of such counsel) or by counsel for the Plaintiff (or persons employed by Plaintiff);

    (viii)    non-responsive, privileged documents attached to responsive documents. When non-responsive, privileged documents that are attached to responsive documents are withheld from production,

however, the parties will insert a placeholder to indicate a document has been withheld from that family.

**(c)** **Privilege Log Format and Fields**.  Privilege logs will be produced in Excel format, with the entry for each redacted or withheld document listing in separate fields:

(i)     Beginning bates number;

(ii)    Ending bates number;

(iii)   Parent's beginning bates number;

(iv)    Attachments' beginning bates number;

(v)     Family range;

(vi)    All authors;

(vii)   All addresses;

(viii)  All blind copy recipients;

(ix)    All other recipients;

(x)     In the case of an email message, its Subject unless the entry itself constitutes privilege information;

(xi)    The date of the document;

(xii)   The type of document (e.g., email or Word document);

(xiii)  The privilege(s) claimed (e.g., attorney-client privilege), including the underlying privilege claim if subject to a joint-defense or common-interest agreement;

(xiv)   The basis for the claimed privilege (e.g., requesting legal advice);

(xv)    For work product protection claims, the anticipated litigation;

(xvi)   A description of the document's subject matter sufficiently detailed to enable the party receiving the privilege log to assess the privilege claim and the facts relied upon to support that claim; and

(xvii)  An indication of whether it is redacted.

(d)     **Name Index**.  The privilege log will be produced along with a separate

index containing an alphabetical list (by last name) of each name on the privilege log, identifying

titles, company affiliations, the members of any group or email list on the log (e.g., the Board of

Directors), and any name variations used in the privilege log for the same individual.

(e)     **Designation of Attorneys**.  For each entry of the privilege log, all

attorneys acting in a legal capacity with respect to that particular document or communication

will be marked with the designation ESQ after their names (include a space before and after the

"ESQ"). Similarly, in the separate index of names, counsel for a party shall be marked with the

designation ESQ in a separate column.

18.     **Inadvertent Production of Privileged or Work Product Documents or**

**Information**.  Pursuant to and consistent with Federal Rule of Evidence 502(d), if a document or

information subject to a claim of attorney-client privilege, work-product immunity, or any other

relevant privilege or immunity under relevant federal case law and rules, production of which

should not have been made to any party, is inadvertently produced to such party, such production

shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of

privilege, work product, or any other ground for withholding production to which the party

producing the documents or information otherwise would be entitled.

19.     **Presumption of Authenticity**.  Documents produced by parties and non-parties

from their own files shall be presumed to be authentic within the meaning of Federal Rule of

Evidence 901.  Any good-faith objection to a document's authenticity must be provided with the

exchange of other objections to intended trial exhibits.  If the opposing side serves a specific

good-faith written objection to the document's authenticity, the presumption of authenticity will

no longer apply to that document and the parties will promptly meet and confer to attempt to

resolve any objection.  Any objections that are not resolved through this means or the discovery process will be resolved by the Court.

      **20.**    **Expert Witness Disclosures and Depositions**.  Expert disclosures, including each side's expert reports, must comply with the requirements of Federal Rule of Civil Procedure 26(a)(2), except as modified by this paragraph.

      **(a)**    Neither side must preserve or disclose for purposes of complying with Rule 26(a)(2), including in expert deposition testimony, the following documents or materials:

      (i)    any form of oral or written communications, correspondence, or work product not relied upon by the expert in forming any opinions in his or her final report shared between:

          (A)    the expert and any persons assisting the expert;

          (B)    any parties' counsel and their experts, or between any agent or employee of any parties' counsel and their experts;

          (C)    testifying and non-testifying experts;

          (D)    non-testifying experts; or

          (E)    testifying experts;

      (ii)    expert's notes, except for notes of interviews participated in or conducted by the expert of persons on any party's preliminary trial witness list or final trial witness list if the expert relied upon such notes in forming any opinions in his or her final report;

      (iii)    drafts of expert reports, contracts, affidavits, or declarations; and

      (iv)    data formulations, data runs, data analyses, or any database-related operations not relied upon by the expert in forming any opinions in his or her final report.

      **(b)**    The parties agree that the following materials will be disclosed at the same time that each expert report is served:

      (i)    a list of all documents relied upon by the expert in forming any opinions in his or her report, including Bates numbers of documents previously produced;

(ii)    copies of all materials relied upon by the expert in forming any opinions in his or her report that were not previously produced and that are not readily available publicly;

(iii)    a list of all publications authored by the expert in the previous 10 years;

(iv)    copies of all publications authored by the expert in the previous 10 years that are not readily available publicly;

(v)    a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition, including tribunal and case number; and

(vi)    for all calculations appearing in the report, all raw data and programs underlying the calculations, including all programs and codes necessary to recreate the calculations from the initial ("raw") data files.

**(c)**    The court's schedule allows for an opening, rebuttal and reply report.  Any additional supplemental report may not be served without leave of court.

Each expert will be deposed for only one (7-hours on the record) day, with all 7 hours reserved for the side noticing the expert's deposition.  Depositions of each side's experts will be conducted only after disclosure of all expert reports and all of the materials identified in paragraph 18(b) for all of that side's experts.

**21.**    **Trial Exhibit Lists and Demonstrative Exhibits**.  Consistent with the schedule above, the parties shall meet and confer about the maximum number of exhibits permitted on each side's trial exhibit list and jointly propose limits to the Court.  Demonstrative exhibits do not count against the maximum number of exhibits permitted on each side's trial exhibit list, and they do not need to be included on the trial exhibit lists when those lists are exchanged.  Unless otherwise agreed or ordered, the parties shall serve demonstrative exhibits on all counsel of record at least 24 hours before any such exhibit may be introduced (or otherwise used) at trial, except that (a) demonstrative exhibits to be introduced (or otherwise used) in connection with the

rebuttal testimony of an expert witness for Plaintiff may be served fewer than 24 hours before such exhibits may be introduced (or otherwise used) if such rebuttal testimony begins fewer than 24 hours after Defendants rest their case; and (b) the following types of demonstrative exhibits need not be pre-disclosed to the opposing party:  (i) slides used during opening statements or closing arguments; (ii) demonstrative exhibits used by experts that were disclosed in the experts' report; (iii) demonstrative exhibits used in cross examination of any witness or in direct examination of a hostile witness; (iv) demonstrative exhibits used at any hearing other than trial; and (v) demonstrative exhibits created in court during the witness's examination.  Demonstrative exhibits representing data must rely only on data that has been produced to the opposing party by the close of fact discovery or is publicly available. Any summary exhibit that will be offered into evidence at trial by a party under Federal Rule of Evidence 1006 must be included on that party's final trial exhibits list.

22.     **Service of Pleadings and Discovery on Other Parties**.  Service of all pleadings, discovery requests (including subpoenas for testimony or documents pursuant to Federal Rule of Civil Procedure 45), expert disclosures, and delivery of all correspondence in this matter shall be made by ECF or email, except when the volume of attachments requires overnight delivery of the attachments or personal delivery, to the following individuals designated by each party:

*For Plaintiff United States of America*:

Alvin H. Chu
Pete Schwingler
Eric Welsh
Craig Conrath
U.S. Department of Justice
450 Fifth Street NW, Suite 7000
Washington, DC 20530
alvin.chu@usdoj.gov
peter.schwingler@usdoj.gov
eric.welsh@usdoj.gov
craig.conrath@usdoj.gov

*For Defendants AT&T Inc. and
DirecTV Group Holdings, LLC*

Daniel M. Petrocelli
Katrina M. Robson
Kenneth R. O'Rourke
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, D.C. 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
dpetrocelli@omm.com
krobson@omm.com
korourke@omm.com

Robert C. Walters
Michael L. Raiff
GIBSON DUNN & CRUTCHER
2100 McKinney Avenue
Suite 1100
Dallas, TX 75201
Telephone: (214) 698-3114
Facsimile: (214) 571-2932
rwalters@gibsondunn.com
mraiff@gibsondunn.com

*For Defendant Time Warner Inc.:*

Daniel M. Petrocelli
Katrina M. Robson
Kenneth R. O'Rourke
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, D.C. 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
dpetrocelli@omm.com
krobson@omm.com
korourke@omm.com

Christine A. Varney
Peter T. Barbur
Kevin J. Orsini
CRAVATH, SWAINE & MOORE LLP
825 8th Ave
New York, NY 10019
Telephone: (212) 474-1140
Facsimile: (212) 474-3700
cvarney@cravath.com
pbarbur@cravath.com
korsini@cravath.com

For purposes of calculating discovery response times under the Federal Rules of Civil Procedure, electronic delivery at the time the email was received shall be treated in the same manner as hand delivery at that time. However, for any service other than service of court filings, email service that is delivered after 6:00 p.m. Eastern Time shall be treated as if it was served the following business day.

**23.    Nationwide Service of Trial Subpoenas**.  To assist the parties in planning discovery, and in view of the geographic dispersion of potential witnesses in this action outside this District, the parties shall be permitted, pursuant to 15 U.S.C. § 23, to issue trial subpoenas that may run into any other federal district requiring witnesses to attend this Court.  The

19

availability of nationwide service of process, however, does not make a witness who is otherwise "unavailable" for purposes of Federal Rule of Civil Procedure 32 and Federal Rule of Evidence 804 available under those rules or otherwise affect the admissibility at trial of a deposition of a witness.

**24.** **Modification of Scheduling and Case Management Order**. Modifications of the rights and responsibilities of the parties under this Order may be made by mutual agreement of the parties, provided any such modification has no effect on the schedule for pretrial filings or trial dates.  Otherwise, any party may seek modification of this Order for good cause.

**SO ORDERED.**

DATED: _____           _____
                                          UNITED STATES DISTRICT JUDGE