– Exhibit B –

Comparison of CMO Schedule and Provisions Proposed by
Plaintiff and Defendants

*United States v. AT&T Inc. et al.*, No. 17-cv-02511-RJL

**Schedule – Protective Order Entry Date and Date Fact Discovery Begins**

| Plaintiff's Proposed Language | Plaintiff's Proposed Date |
|---|---|
| Protective Order Entered and Fact Discovery Begins | Date Protective Order entered |
| Defendants' Proposed Language | Defendants' Proposed Date |
| Fact Discovery Opens | Nov. 30, 2017 |
| No proposed counterpart explicitly stating date Protective Order entered | -- |

**Discussion**:  Similar to *Aetna* CMO Schedule. Plaintiff and Defendants have not been able to reach agreement on several significant terms in the Protective Order. Consistent with the *Aetna* and *Anthem* litigations, discovery should not proceed until the terms of the Protective Order have been determined and the Protective Order has been entered by the Court, as this directly implicates third parties that provided information to the Plaintiff as part of its investigation.

**Schedule – Production of Investigation Materials from Third Parties**

| Plaintiff's Proposed Language | Plaintiff's Proposed Date |
|---|---|
| Investigation Materials from Third Parties Production Begins On a Rolling Basis (Based on receipt of written statement from third party not objecting to disclosure) | Within 10 calendar days after Protective Order entered |
| Investigation Materials from Third Parties Production Completed (Except for any with unresolved objections to the Protective Order) | Within 20 calendar days after Protective Order entered |
| Defendants' Proposed Language | Defendants' Proposed Date |
| Plaintiff Begins Rolling Production of Investigative Materials from Third Parties | Within 3 business days after entry of Protective Order |
| Plaintiff Completes Production of Investigative Materials from Third Parties | Within ___ days after entry of the Protective Order |

**Discussion**:  Similar to *Aetna* CMO Schedule. Plaintiff's proposal is consistent with that followed in the *Aetna* and *Anthem* litigations. The Antitrust Civil Process Act (ACPA) requires Plaintiff to obtain the consent of third parties that provided documents and information to the Plaintiff as part of its investigation before making those materials available for inspection. 15 U.S.C. § 1313(c). Moreover, Plaintiff has a longstanding institutional interest in ensuring due process for the third parties that provide information and documents during its investigations. Plaintiff cannot agree to a proposal that requires it to divulge third parties' confidential information without prior notice and an opportunity for their objections to be heard.

As in the *Aetna* and *Anthem* litigations, Plaintiff proposes providing the Protective Order, once entered, to these third parties to permit them the opportunity to review the terms of the Protective Order and seek relief from the Court if they believe that their documents and information would not be adequately protected under the Protective Order. Plaintiff commits to producing non-privileged documents from its Investigation Materials (as defined in the CMO) on a rolling basis as third parties have consented or waived any objection to the production under the terms of the Protective Order. Plaintiff will, in any event, ultimately complete the production of the Investigation Materials within 20 calendar days after the Protective Order is entered. In addition to *Aetna* and *Anthem*, this Court has adopted protective orders consistent with the Division's proposed practice in other recent antitrust cases. *See United States v. US Airways*, No. 13-cv-01236, Dkt. No. 55 (D.D.C. Aug. 30, 2013); *United States v. AT&T*, No. 11-cv-01560, Dkt. No. 79 (D.D.C. Nov. 10, 2011).

**Schedule – Exchange of Parties Preliminary Witness List**

| Plaintiff's Proposed Language | Plaintiff's Proposed Date |
|---|---|
| Parties exchange preliminary fact witness lists | Jan 16, 2018 |
| Defendants' Proposed Language | Defendants' Proposed Date |
| Plaintiff's Disclosure of Initial Fact Witness List | Dec. 22, 2017 |
| Defendants' Disclosure of Initial Fact Witness List | Dec. 29, 2017 |

**Discussion**:  Similar to *Aetna* CMO Schedule. Plaintiff recommends a simultaneous exchange of preliminary fact witness lists. The schedule in this case, whether Plaintiff's or Defendants', is tight and will require the parties to move forward quickly with fact discovery. Affording Plaintiff early discovery of Defendants' preliminary witnesses, at the same as Plaintiff discloses its list to Defendants, will permit full discovery of the facts for trial. This procedure was followed in the *Aetna* litigation and should not be unduly burdensome for Defendants as AT&T has stated publicly that it has been preparing for litigation for over a year.

The date that Defendants propose for Plaintiff's witness list, however, is unreasonably early – December 4. While Plaintiff can move quickly, what Defendants propose allows Plaintiff no time for fact discovery before naming its witnesses, and only limited possibilities to amend that list (see below). Such a requirement would prejudice Plaintiff.

Moreover, because Plaintiff is quickly and voluntarily producing all of its non-privileged Investigation Materials, Defendants will very soon have a good picture of the evidence collected by Plaintiff, and will be able to plan and execute their fact discovery accordingly.

**Schedule – Exchange of Parties' Final Fact Witness Lists**

| Plaintiff's Proposed Language | Plaintiff's Proposed Date |
|---|---|
| Parties exchange final fact witness lists | Feb 16, 2018 |
| Defendants' Proposed Language | Defendants' Proposed Date |
| Plaintiff's Disclosure of Final Fact Witness List | Jan. 2, 2018 |
| Defendants' Disclosure of Final Fact Witness List | Jan. 5, 2018 |

**Discussion**:  Similar to *Aetna* CMO Schedule. Plaintiff recommends simultaneous exchange of final fact witness lists. As with the preliminary fact witness lists, Plaintiff believes that the final fact witness lists should be exchanged at the same time. This procedure was followed in the *Aetna* litigation and is consistent with Plaintiff and Defendants moving forward quickly with discovery to explore the facts for trial.

**Schedule – Handling Trial Exhibits, Depo Designations, and Confidentiality**

| Plaintiff's Proposed Language | Plaintiff's Proposed Date |
|---|---|
| Parties meet and confer regarding maximum number of trial exhibits (other than demonstrative exhibits) | Mar. 2, 2018 |
| Joint submission regarding maximum number of trial exhibits (other than demonstrative exhibits) | Mar. 12, 2018 |
| Parties exchanges exhibit lists and opening deposition designations | Mar. 30, 2018 |
| United States identifies 50 sample trial exhibits | Mar. 30, 2018 |
| Each party informs each non-party of all documents produced by that non-party that are on that party's exhibit list and all depositions of that non-party that have been designated by that party | Mar. 30, 2018 |
| Parties meet and confer regarding confidentiality of United States' 50 sample trial exhibits | Apr. 2, 2018 |
| Joint submission regarding disputes about confidentiality of United States' 50 sample trial exhibits | Apr. 5, 2018 |
| Each side exchanges its objections to the other side's exhibits and opening deposition designations and its deposition counter-designations | Apr. 5, 2018 |
| Each side exchanges its objections to the other side's deposition counter-designations and its counter-counter-designations | Apr. 5, 2018 |
| Hearing regarding disputes about confidentiality of United States' 50 sample trial exhibits | Apr. 9, 2018 |
| Non-parties provide notice whether they object to the potential public disclosure at trial of any non-party documents and depositions, explain the basis for any such objections, and propose redactions where possible | Apr. 9, 2018 |
| Parties meet and confer regarding admissibility of trial exhibits and deposition designations | Apr. 11, 2018 |
| Parties meet and confer regarding disputes about confidentiality of party documents on trial exhibit lists | Apr. 11, 2018 |

6

| | |
|---|---|
| Parties and non-parties meet and confer regarding confidentiality of non-party documents on trial exhibit lists and non-party depositions | Apr. 23, 2018 |
| Joint submission regarding disputes about admissibility of trial exhibits and deposition designations | Apr. 23, 2018 |
| Joint submission regarding disputes about confidentiality of party documents on trial exhibit lists to be filed | Apr. 23, 2018 |
| Joint submissions regarding disputes about confidentiality of each non-party's documents on trial exhibit lists and non-party depositions to be filed | |
| Defendants' Proposed Language | Defendants' Proposed Date |
| Parties to Submit Proposed Trial Procedures Order(s) | Jan 19, 2018 |

**Discussion**:  Plaintiff proposes in the CMO a mechanism and schedule for addressing admissibility and confidentiality of exhibits and deposition designations. Plaintiff has found in prior litigations that the treatment by the parties of the confidentiality of their documents and testimony can become a significant issue if left to the eve of trial, posing the risk of the defendants wishing to close the courtroom if witnesses are examined with confidential exhibits or testimony. Having specific mechanisms and interim deadlines for the Parties to address these issues earlier will lead to a more efficient presentation of evidence at trial.

**Schedule – Submission on Pre-Trial Motions and Briefs**

| Plaintiff's Proposed Language | Plaintiff's Proposed Date |
|---|---|
| Parties meet and confer regarding motions *in limine* | Apr. 13, 2018 |
| Motions *in limine* to be filed | Apr. 20, 2018 |
| Oppositions to motions *in limine* to be filed | Apr. 27, 2018 |
| Pretrial briefs to be filed | Apr. 27, 2018 |
| Defendants' Proposed Language | Defendants' Proposed Date |
| Pretrial Motions (including Daubert motions); Pretrial Briefs | Feb. 9, 2018 |
| Oppositions to Pretrial Motions | Feb. 12, 2018 |

**Discussion**:  Plaintiff recommends seven days for responses to pretrial motions; Defendants recommend three days.

A three-day turnaround for responding to pretrial motions is too abbreviated for the parties to present the most helpful briefing to the Court. It may be that Defendants intend to file more such motions than Plaintiff; if so, their timing proposal may give them an unfair tactical advantage.

**Schedule – Expert Disclosures**

| Plaintiff's Proposed Language | Plaintiff's Proposed Date |
|---|---|
| Initial Expert Report: Plaintiff to serve its Rule 26(a)(2)(B) initial expert witness disclosures in support of its claims that contain complete statements of all opinions the witness will express and the basis and reasons for those opinions on that issue; Defendants to serve their Rule 26(a)(2)(B) initial expert witness disclosures on efficiencies and synergies that contain complete statements of all opinions the witness will express and the basis and reasons for those opinions on that issue. | Mar. 5, 2018 |
| Rebuttal Expert Report: Plaintiff and Defendants to serve Rule 26(a)(2)(D)(ii) expert witness disclosures that are intended solely to contradict or rebut evidence on the same subject matter identified by the other party. | Mar. 28, 2018 |
| Reply Expert Report: Plaintiff and Defendants to serve their reply reports or responses to any report by the opposing expert witness under Rule 26(a)(2)(D)(ii). | Apr. 20, 2018 |
| Close of expert discovery | Apr. 30, 2018 |
| **Defendants' Proposed Language** | **Defendants' Proposed Date** |
| Plaintiff's Initial Expert Reports | Jan. 5, 2018 |
| Defendants' Expert Reports | Jan. 22, 2018 |
| Plaintiff's Rebuttal Expert Reports | Jan. 29, 2018 |
| Close of Expert Discovery | Feb. 7, 2018 |

**Discussion**:  As in other complex merger cases, expert testimony is expected to be an important feature in this case. Plaintiff's proposed schedule allows both sides sufficient time to explore the opinions of proffered experts on economics and Defendants' alleged efficiencies and synergies. Defendants' proposed schedule does not afford Plaintiff adequate time to examine Defendants' proffered expert opinions, especially since Defendants' synergy and efficiency claims have continued to evolve in recent months.

**Schedule – Submission of Final Exhibits**

| Plaintiff's Proposed Language | Plaintiff's Proposed Date |
|---|---|
| Parties submit final trial exhibits to Court | May 2, 2018 |
| Defendants' Proposed Language | Defendants' Proposed Date |
| Final Exhibit Lists | Feb. 12, 2018 |

**Discussion**:  Consistent with the discussion above on handling trial exhibits, Plaintiff proposes that parties submit to the Court final trial exhibits after both sides have worked on addressing issues and disputes concerning the admissibility and confidentiality of exhibits in the systematic manner described in Plaintiff's proposed schedule. Defendants' proposed language does not articulate the specific action to be done on Feb. 12—whether both sides are to exchange final exhibit lists, submit them to the Court, or something else.

**Schedule – Trial Length**

| Plaintiff's Proposed Language | Plaintiff's Proposed Date |
|---|---|
| Trial Begins (anticipated 15 days) | May 7, 2018 |
| Defendants' Proposed Language | Defendants' Proposed Date |
| Trial Begins (anticipated 10 days) | Feb. 20, 2018 |

**Discussion**:  A fifteen day trial is necessary to allow each side to fully present its case. Plaintiff's recommendation is appropriate given the number and complexity of issues in dispute, and Defendants to date have declined to take any issues off the table or stipulate to any of the Plaintiff's claims. A fifteen day trial is consistent with the trial length of *Aetna* (13 days) and *Anthem* (18 days). The number and complexity of issues in this case is closer to *Anthem*.

**Provision – Initial Disclosures**

| Para. | Plaintiff's Proposed Language |
|---|---|
| 7 | The Parties agree to waive the exchange of disclosures under Federal Rule of Procedure 26(a)(1) and instead will produce the Investigation Materials pursuant to the terms of this Order. |

| Para. | Defendants' Proposed Language |
|---|---|
| 10 | The Parties agree to waive exchange of disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure except as otherwise provided in this paragraph. The Plaintiff need not produce back to each Defendant documents, data, or other materials originally received from that same Defendant, either voluntarily during the Investigation or in response to any request during the Investigation. The Plaintiff United States' only Rule 26(a)(1) disclosure obligation is to produce non-privileged data and documents it obtained during the Investigation. The Plaintiff United States shall within fourteen days of the filing of the complaint produce such documents and data. |

**Discussion**:  As an initial matter, Plaintiff and Defendants have agreed to waive the exchange of disclosures under Rule 26(a)(1). Plaintiff proposes this language, however, as part of a package in which Plaintiff and Defendants exchange their non-privileged Investigation Materials. Defendants, by contrast, seek to impose this requirement only on Plaintiff and relieve themselves of both the Initial Disclosures obligation and the obligation to disclose their Investigation Materials.

This one-sided approach is unfair to Plaintiff, particularly when Defendants have been preparing for litigation for a year.

**Provision - Definition of Investigation Materials**

| Para. | Plaintiff's Proposed Language |
|---|---|
| 10 (a) | "Investigation Materials" means non-privileged correspondence, documents, data, written information or statements, transcripts of testimony, declarations (including drafts), affidavits (including drafts), and other materials created or provided for purposes of the Investigation that (i) were exchanged between any Party and any non-Party not having an attorney-client or common-interest relationship with the Party (e.g., experts, consultants, counsel for co-Defendants, and counsel for state attorneys general and foreign competition agencies), either voluntarily or under compulsory process, during and in connection with the Investigation; or (ii) any Party provided to any other Party, either voluntarily or under compulsory process, during and in connection with the Investigation. For purposes of this Order, the "Investigation" shall mean any review, assessment, or investigation of the Planned Transaction, including any defense to any claim that the Planned Transaction would violate Section 7 of the Clayton Act. |

| Para. | Defendants' Proposed Language |
|---|---|
| 4.B. | "Investigation Materials" means non-privileged correspondence, documents, data, written information or statements, transcripts of testimony, exhibits used during testimony, declarations (including drafts), affidavits (including drafts), Civil Investigation Demands, informal requests for information, and other materials, any of which are in the Plaintiff's possession or under its control and: <br><br> (i)　were exchanged between any Defendant, or affiliated person or entity, and Plaintiff, either voluntarily or under compulsory process, during, and in connection with the Investigation; or <br><br> (ii)　were exchanged between any counsel for a Party who provided legal services to the Party in connection with the Investigation and any non-party not having an attorney-client or common-interest relationship with the Party (e.g., experts, consultants, and counsel for co-Defendants), where such communications were made for the purposes of the Investigation. |

**Discussion**:  Similar to the discussion of Initial Disclosures above, Plaintiff has defined Investigation Materials as applying to Plaintiff and Defendants equally. This equal treatment is appropriate in light of both sides being relieved of their obligations to disclose under Rule 26(a)(1) and Defendants' extensive work in preparation for this litigation.

**Provision - Production of Investigation Materials**

| Para. | Plaintiff's Proposed Language |
|---|---|
| 10(b) | The parties will produce, consistent with the timeframe listed above and the Stipulated Protective Order, all Investigation Materials, regardless of whether the materials were received informally or through compulsory process (such as a subpoena or Civil Investigative Demand) and regardless of whether a party received the materials in hard-copy or electronic form.  The Parties will promptly and on a rolling basis produce the Investigation Materials consistent with this schedule and the terms of the Protective Order. The Parties, during this case, will neither request nor seek to compel the production of any interview notes, interview memoranda, or recitation of information contained in such notes or memoranda except for such material relied upon by a testifying expert and not produced in compliance with paragraph 20(b)(ii).  Nothing in this Order requires the production of any Party's attorney work product, confidential attorney-client communications, communications with or information provided to any potentially or actually retained expert, or materials subject to the deliberative process or any other governmental privilege. Notwithstanding the definition of Investigatory Materials, Plaintiff need not produce back to Defendants documents, data, or other materials originally received from Defendants, either voluntarily during the Investigation or in response to any request during the Investigation, and nor shall Plaintiff need produce to a Defendant documents, data, or other materials received from any other Defendant, either voluntarily during the Investigation or in response to any request during the Investigation.  Defendants may, at their discretion, produce documents they respectively produced to Plaintiff during the Investigation to each other.  Defendants need not produce back to the United States documents, data, or other materials originally produced to the United States, either voluntarily during the Investigation or in response to any request during the Investigation. |

| Para. | Defendants' Proposed Language |
|---|---|
| 10 | The Parties agree to waive exchange of disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure except as otherwise provided in this paragraph.  The Plaintiff need not produce back to each Defendant documents, data, or other materials originally received from that same Defendant, either voluntarily during the Investigation or in response to any request during the Investigation.  The Plaintiff United States' only Rule 26(a)(1) disclosure obligation is to produce non-privileged data and documents it obtained during the Investigation. The Plaintiff United States shall within fourteen days of the filing of the complaint produce such documents and data. |

**Discussion**:  Plaintiff's proposed language provides clarity regarding the rolling nature of the production as well as the categories of documents that are not required to be produced. Plaintiff's language appropriately excludes privileged documents, including interview notes and memoranda, which applies equally to Plaintiff and Defendants. Plaintiff also proposes that it not

be required to produce documents received from AT&T to Time Warner and vice versa, as this would impose a significant burden on Plaintiff and result in delay in completing the production of the Investigation Materials. Even without the party documents, this production consists of hundreds of thousands of documents.

**Provision - Fact Witness List**

| Para. | Plaintiff's Proposed Language |
|---|---|
| 11 |     Plaintiff is limited to 35 natural persons on its preliminary trial fact witness list, and the Defendants collectively are limited to 35 natural persons on their preliminary trial fact witness list. The preliminary fact witness lists must provide the address and telephone number of each witness.<br>    The Plaintiff is limited to 30 natural persons on its final trial fact witness list, and the Defendants collectively are limited to 30 natural persons on their final trial fact witness list. Each witness for which a side offers deposition designations to be offered at trial must be included as a witness on that side's final trial fact witness list, and this designation shall count against the 30 natural person limit. Each side's final trial fact witness list may identify no more than 7 fact witnesses that were not identified on that side's preliminary trial fact witness list. If any new fact witnesses are added to a final trial fact witness list that were not on that side's preliminary trial fact witness list, a deposition by the other side of such witness does not count against that other side's total deposition time. The final trial fact witness lists must comply with Federal Rule of Civil Procedure 26(a)(3)(A)(i)-(ii).<br>    In preparing preliminary trial fact witness lists and final trial fact witness lists, the parties must make good-faith attempts to identify the witnesses (excluding expert witnesses) whom they expect that they may present at trial other than solely for impeachment. No party may call a person to testify at trial unless (a) that person was identified on that party's final trial fact witness list; (b) all parties agree that that party may call that person to testify; or (c) that party demonstrates good cause for allowing it to call that person to testify, despite that party's failure to identify that person sooner. |

| | Defendants' Proposed Language |
|---|---|
| 13 |     Each side is limited to 20 persons (excluding experts) on its preliminary trial witness list, and 15 persons (excluding experts) on its final trial witness list. Both the preliminary trial witness list and the final trial witness list must be good-faith attempts to identify for the other side the witnesses the Party expects that it may present at trial other than solely for impeachment. The final trial witness list may identify no more than 7 witnesses that were not identified in the preliminary trial witness list. If any new witnesses (who have not already been deposed in this litigation) are added to a final witness list that were not on that side's preliminary witness list, a deposition by the other side of such witness will not count against that side's total deposition allotment, and may be taken after the close of discovery during the supplemental discovery period. Any witness who resides outside the United States on the witness lists of the Defendants will be produced by the Defendants for deposition in the United States. This provision does not limit a Party's right to designate portions of any deposition transcript for entry in evidence at trial.<br>    The final trial witness list must comply with Rule 26(a)(3)(A) of the Federal Rules of Civil Procedure, except that telephone number and address information need not be provided for any witness who is either an employee of a Defendant or who has |

|  | been deposed during this litigation. The parties will meet and confer regarding whether and when to exchange deposition designations, counter designations, and objections, and will thereafter submit an agreed upon order – or, if necessary, competing orders – with a schedule for the Court's consideration. |
|---|---|

**Discussion**:  The parties do not agree on the number of witnesses on the initial and final witness lists. Plaintiff proposes a higher number for each list due to the complexity of addressing both upstream and downstream markets. Plaintiff anticipates a higher number of fact witnesses due in part to the fact that corporations in these markets have employees with non-overlapping responsibility for different levels of programming or distribution. In addition, the final sentence of Defendants' proposed language is covered by Plaintiff's proposed schedule discussed above.

**Provision - Timely Service of Fact Discovery and Supplemental Discovery**

| Para. | Plaintiff's Proposed Language |
|---|---|
| 12 | All discovery, including discovery served on non-parties, must be served in time to permit completion of responses by the close of fact discovery, except that Supplemental Discovery must be served in time to permit completion of responses by the close of Supplemental Discovery. For purposes of this Order, "Supplemental Discovery" means document and deposition discovery, including discovery served on non-parties, related to any person identified on a side's final trial fact witness list who was not identified on that side's preliminary trial fact witness list (including document and deposition discovery related to entities related to any such person). Depositions that are part of Supplemental Discovery must be noticed within 7 days of exchange of the final trial fact witness lists. |
| 13.a. | There is no limit on the number of requests for the production of documents that may be served by the parties. The parties must serve any objections to requests for productions of documents within 5 business days after the requests are served. Within 2 business days of service of any objections, the parties must meet and confer to attempt to resolve any objections and to agree on custodians to be searched. Responsive productions (subject to any objections or custodian issues that have not been resolved) must be made on a rolling basis and must begin no later than 21 days after service of the request for production. Responsive productions must be completed no later than 14 business days after resolution of objections and custodian issues. Notwithstanding any other part of this paragraph, in responding to requests for production of documents that are part of Supplemental Discovery, the parties must (a) serve any objections to such requests for production of documents within 3 business days after the requests are served; (b) make responsive productions (subject to any objections or custodian issues that have not been resolved) on a rolling basis; and (c) complete such productions no later than 7 business days after the requests are served. |

| Para. | Defendants' Proposed Language |
|---|---|
| 11 | All discovery, including discovery served on non-parties, must be served in time to permit completion of responses by the close of fact discovery, except for document and deposition discovery related to new persons and related entities added to the Parties' final trial witness lists ("supplemental discovery"). Discovery from the new persons and related entities added to the Parties' final trial witness lists will occur during the period for supplemental discovery. Supplemental discovery (a) may be conducted from the Parties or the new persons and related entities, and (b) must be served in time to permit completion of responses by the close of supplemental discovery, as set forth in the table above. Furthermore, discovery of new persons and related entities must be completed by the close of the period for supplemental discovery. For new persons and related entities added to the Parties' final trial witness lists, the Parties, if they intend to depose the person, must notice the deposition within seven days of the service of such final witness list and the Parties |

| | |
|---|---|
| | must serve objections to the requests for production of documents within three days of service of the requests and responsive productions (subject to any objections or custodian issues that have not been resolved) will be made on a rolling basis with a good-faith effort to be completed no later than fifteen days after service of the requests for production. |
| 12.C. | |
| | Except as provided in paragraph 11, or as otherwise agreed or ordered, responsive productions will be made on a rolling basis. The Parties must serve any objections to requests for production of documents, including a proposal for custodians to search, within eight days after the requests are served. Within three days after serving any objections, the Parties will meet and confer to attempt to resolve the conflicts. Responsive productions following resolution of objections, search methodology, and custodians will be completed on a rolling basis with a good-faith effort to be completed no later than 21 days after resolution. |

**Discussion**:  Similar to *Aetna* CMO para. 13. Plaintiff's proposal requires that both sides complete productions in a timeframe that affords them sufficient time to review documents in preparation for depositions. Defendants' aggressive schedule is inconsistent with the longer time period they propose to complete supplementary discovery productions (15 days), which is more than double the time proposed by Plaintiff (7 days). Furthermore, Defendants' proposed 21 days to complete production after resolution of objections is a week longer than Plaintiff's proposal of 14 days.

**Provision – Written Discovery (Requests for Data)**

| Para. | Plaintiff's Proposed Language |
|---|---|
| 13.c. | In response to any requests for data or data compilations, the parties will meet and confer in good faith regarding the requests and will make employees knowledgeable about the content, storage, and production of data available for informal consultations during the meet-and-confer process. The parties must serve any objections to requests for data or data compilations within 5 business days after the requests are served. Within 2 business days of service of any objections, the parties must meet and confer to attempt to resolve any objections. Throughout the meet-and-confer process, the parties will work in good faith to enable the complete production of data or data compilations no later than 14 days after service of the requests for production. |

| Para. | Defendants' Proposed Language |
|---|---|
| -- | No proposed counterpart |

**Discussion**:  Plaintiff's proposal provides a mechanism for both sides to cooperate to produce data and to identify and address objections in an effective and timely manner.

**Provision – Requests for Admission**

| Para. | Plaintiff's Proposed Language |
|---|---|
| 13.e. | Requests for admission are limited to 10 by the United States to the Defendants collectively and to 10 by Defendants collectively to the United States. Requests for admission relating solely to the authentication or admissibility of documents, data, or other evidence (which are issues that the parties shall attempt to resolve initially through negotiation) do not count against these limits. Unless otherwise agreed, the parties must respond in writing to requests for admissions within 21 days after service. Within 2 business days of service of any objections, the parties must meet and confer to attempt to resolve any objections. |

| Para. | Defendants' Proposed Language |
|---|---|
| 12.B. | Plaintiff may serve up to 15 requests for admission on the Defendants collectively. Defendants collectively may serve up to 15 requests for admission on the Plaintiff. Requests for admission relating solely to the authentication or admissibility of documents, data, or other evidence will not count against these limits. The Parties must respond in writing to requests for admission within 20 days after they are served. |

**Discussion**:  Similar to *Aetna* CMO para. 14.C. Plaintiff's proposal matches the number of Requests for Admissions (RFAs) allowed in *Aetna*. Given the expeditious nature of the schedule, Plaintiff does not believe Defendant's proposal of 15 RFAs is reasonable or appropriate.

**Provision – Interrogatories**

| Para. | Plaintiff's Proposed Language |
|-------|-------------------------------|
| 13.d. | Interrogatories are limited to 15 (including discrete subparts) by the United States to the Defendants collectively and to 15 (including discrete subparts) by Defendants collectively to the United States. Unless otherwise agreed, the parties shall respond in writing to interrogatories within 21 days after service. Within 2 business days of service of any objections, the parties must meet and confer to attempt to resolve any objections. |

| Para. | Defendants' Proposed Language |
|-------|-------------------------------|
| 12.A. | Defendants collectively may serve up to 20 interrogatories on the Plaintiff. Plaintiff may serve up to 20 interrogatories on the Defendants collectively. The Parties must respond in writing to interrogatories within 20 days after they are served. |

**Discussion:**  Plaintiff's recommendation is appropriate given the aggressive schedule. Defendants' proposal for a greater number of interrogatories is inconsistent with their proposal of a much narrower discovery window.

**Provision – Written Discovery on Non-Parties**

| Para. | Plaintiff's Proposed Language |
|---|---|
| 14 | The parties will in good faith cooperate with each other with regard to any discovery to non-parties in an effort to minimize the burden on non-parties. Each party must serve a copy of any discovery request to a non-party on the other side at the same time as the discovery request is served on the non-party. Every discovery request to a non-party shall include a cover letter requesting that (a) the non-party stamp each document with a production number and any applicable confidentiality designation prior to producing it; (b) the non-party provide to the other side copies of all productions at the same time as they are produced to the requesting party; and (c) the non-party provide to the other side copies of all written correspondence with any party concerning the non-party's response to or compliance with any discovery request (including any extensions or postponements) within 1 business day of the correspondence. Each party requesting the discovery shall also provide to the other side copies of all written correspondence with the non-party concerning the non-party's response to or compliance with the discovery request (including any extensions or postponements) within 1 business day of the correspondence. If a non-party fails to provide copies of productions and correspondence to the other side, the requesting party shall provide such copies to the other side within 3 business days of the requesting party receiving such materials from the non-party. If a non-party fails to stamp its documents with a production number and confidentiality designation, the requesting party shall as soon as practicable after receiving the documents from the non-party apply such stamp and produce the stamped copies to the other side. |

| Para. | Defendants' Proposed Language |
|---|---|
| 12.H. | If a Party serves on a non-party a subpoena for the production of documents or electronically stored information and a subpoena commanding attendance at a deposition, the scheduled deposition date must be at least seven business days after the return date for the document subpoena. If extending the date of production for the document subpoena results in fewer than seven business days between the extended production date and the date scheduled for that non-party's deposition, the date scheduled for the deposition must be postponed to be at least seven business days following the extended production date, unless the other Party consents to fewer than seven business days.<br><br>The Parties will meet and confer regarding the division of deposition time for specific non-parties that are not included on any Party's preliminary or final witness list, including those only noticed by one side, those cross-noticed by both sides, and for those that Plaintiff has already deposed during the course of its investigation. A Party may not notice or cross-notice a non-party that appears on its own witness list, and the opposing Party will be allowed at least five hours of deposition time with that non-party. |

|  | In addition, if a Party serves on a non-party a subpoena for the production of documents or electronically stored information, the noticing Party within two days must copy and produce in the format that they received the materials obtained from the non-noticing Party. |
| --- | --- |

**Discussion**:  Plaintiff's proposal is consistent with the approach taken in *Aetna* and *Anthem* and provides specific guidelines for handling non-party discovery in a timely manner. This approach calls for an equitable division of time in non-party depositions. Defendants' proposal lacks such specific procedures and guidance and does not account for unforeseen circumstances and issues that could arise concerning witness availability.

**Provision - Depositions of Fact Party and Non-Party Witnesses**

| Para. | Plaintiff's Proposed Language |
|---|---|
| 15 | Each side is permitted to take up to a maximum of 300 hours of party depositions and 100 hours of non-party depositions. During non-party depositions, the non-noticing side shall receive at least two hours of examination time. If a non-party deposition is noticed by both sides, then time shall be divided equally between the sides. Any time allotted to one side not used by that side in a non-party deposition may be used by the other side up to the 7-hour limit in total. Any party may further depose any person whose deposition was taken pursuant to a Civil Investigative Demand, and the fact that such person's deposition was taken pursuant to a Civil Investigative Demand may not be used as a basis for any party to object to that person's deposition.<br><br>If a party serves on a non-party a subpoena for the production of documents or electronically stored information and a subpoena commanding attendance at a deposition, the scheduled deposition date must be at least 7 business days after the return date for the document subpoena. If extending the date of production for the document subpoena results in fewer than 7 business days between the extended production date and the date scheduled for that non-party's deposition, the date scheduled for the deposition must be postponed to be at least 7 business days following the extended production date, unless the other party consents to fewer than 7 business days.<br><br>The following depositions do not count against the 300 hours cap imposed on party depositions or the 100 hours cap imposed on non-party depositions: (a) depositions of any persons identified on a side's final trial witness list who were not identified on that side's preliminary trial witness list; (b) depositions of the parties' designated expert witnesses; (c) depositions taken pursuant to Civil Investigative Demands; and (d) depositions taken for the sole purpose of establishing the location, authenticity, or admissibility of documents produced by any party or non-party, provided that such depositions may be noticed only after the party taking the deposition has taken reasonable steps to establish location, authenticity, or admissibility through other means, and further provided that such depositions must be designated as being taken for the sole purpose of establishing the location, authenticity, or admissibility of documents at the time that they are noticed.<br><br>Depositions of fact witnesses are limited to no more than one (7-hours on the record) day unless otherwise stipulated. Parties will make witnesses available for deposition upon 7 business days' notice. Parties will make their employees available for depositions in Washington, D.C. |

| Para. | Defendants' Proposed Language |
|---|---|
| 12.G. | Each side may take depositions of any persons identified on the other side's preliminary or final trial witness lists. In addition, the Plaintiff may take 10 depositions of party fact witnesses and 100 hours of depositions of non- party fact witnesses, and the Defendants collectively may take 10 depositions of party fact witnesses and 100 hours of depositions of non-party fact witnesses. Depositions taken during the Investigation do not count toward the number of depositions allowed by this Order.<br><br>Depositions taken for the sole purpose of establishing the location, authenticity, or admissibility of documents produced by any Party or non-party do not count toward the limit on depositions. These depositions must be designated as such at the time that the deposition is noticed, and will be noticed only after the Party taking the deposition has taken reasonable steps to establish location, authenticity, or admissibility through other means.<br><br>All depositions of fact witnesses are limited to a maximum of seven hours of examination. Rule 30(b)(6) depositions shall be limited to seven hours regardless of the number of witnesses produced for testimony. Each Rule 30(b)(6) deposition notice must seek testimony on reasonably related topics. Each such deposition will count as one deposition against the noticing side's maximum, regardless of the number of witnesses produced for testimony. For any deposition, the Parties and any affected non-party may stipulate to additional time beyond the seven hours provided by the Federal Rules of Civil Procedure. Absent agreement of the Parties, the length of depositions provided for in this Order may only be modified by an order granted by the Court for good cause. In the event a deposition is appropriate, the Parties will make witnesses available in this District whose depositions are noticed in this action, unless the Parties otherwise agree to a deposition outside this District. The parties will make good-faith efforts to make party witnesses available for deposition upon ten days' notice. |
| 12.H. | If a Party serves on a non-party a subpoena for the production of documents or electronically stored information and a subpoena commanding attendance at a deposition, the scheduled deposition date must be at least seven business days after the return date for the document subpoena. If extending the date of production for the document subpoena results in fewer than seven business days between the extended production date and the date scheduled for that non-party's deposition, the date scheduled for the deposition must be postponed to be at least seven business days following the extended production date, unless the other Party consents to fewer than seven business days.<br><br>The Parties will meet and confer regarding the division of deposition time for specific non-parties that are not included on any Party's preliminary or final witness list, including those only noticed by one side, those cross-noticed by both sides, and for those that Plaintiff has already deposed during the course of its investigation. A Party may not notice or cross-notice a non-party that appears on its own witness list, and the opposing Party will be allowed at least five hours of deposition time with that non-party. |

|  | In addition, if a Party serves on a non-party a subpoena for the production of documents or electronically stored information, the noticing Party within two days must copy and produce in the format that they received the materials obtained from the non-noticing Party. |
|---|---|

**Discussion**:  There are several fundamental differences between Plaintiff's and Defendants' proposed language regarding depositions of fact party and non-party witnesses. First, Plaintiff anticipates that it will need time for depositions of approximately 40 party witnesses. While many of these may be on the Defendants' witness list, Defendants' proposal would only permit an additional 5 depositions, instead of the 7 that Plaintiff would seek, assuming a complete overlap with Defendants' list. Plaintiff seeks some flexibility here due to the fact that Defendants have in several key areas reassigned employees and responsibilities and are undertaking a corporate restructuring which has resulted in new roles and responsibilities among key executives. In addition, Defendants are anticipated to proffer certain efficiencies and synergies as justifications for the merger. This work has apparently been ongoing and Plaintiff requires discovery of this ongoing work in order to prepare to address this defense. In addition, Defendants propose a higher number of witnesses to be added to the final witness list than identified in the initial witness list (10 instead of Plaintiff's proposed 5). Imposing a smaller number is appropriate because it will impose some discipline on the parties, resulting in fewer unnecessary depositions. Finally, Defendants seek to prevent Plaintiff from noticing or cross-noticing depositions of non-parties that might be on Plaintiff's initial or final witness list. Plaintiff objects to this limitation because witnesses could become unavailable at trial, and their testimony would need to be preserved by deposition.

**Provision - Trial Exhibits Lists and Demonstrative Exhibits**

| Para. | Plaintiff's Proposed Language |
|---|---|
| 21 | Consistent with the schedule above, the parties shall meet and confer about the maximum number of exhibits permitted on each side's trial exhibit list and jointly propose limits to the Court. Demonstrative exhibits do not count against the maximum number of exhibits permitted on each side's trial exhibit list, and they do not need to be included on the trial exhibit lists when those lists are exchanged. Unless otherwise agreed or ordered, the parties shall serve demonstrative exhibits on all counsel of record at least 24 hours before any such exhibit may be introduced (or otherwise used) at trial, except that (a) demonstrative exhibits to be introduced (or otherwise used) in connection with the rebuttal testimony of an expert witness for Plaintiff may be served fewer than 24 hours before such exhibits may be introduced (or otherwise used) if such rebuttal testimony begins fewer than 24 hours after Defendants rest their case; and (b) the following types of demonstrative exhibits need not be pre-disclosed to the opposing party: (i) slides used during opening statements or closing arguments; (ii) demonstrative exhibits used by experts that were disclosed in the experts' report; (iii) demonstrative exhibits used in cross examination of any witness or in direct examination of a hostile witness; (iv) demonstrative exhibits used at any hearing other than trial; and (v) demonstrative exhibits created in court during the witness's examination. Demonstrative exhibits representing data must rely only on data that has been produced to the opposing party by the close of fact discovery or is publicly available. Any summary exhibit that will be offered into evidence at trial by a party under Federal Rule of Evidence 1006 must be included on that party's final trial exhibits list. |

| Para. | Defendants' Proposed Language |
|---|---|
| 18 | The Parties will meet and confer in good-faith regarding a trial procedures order to govern issues concerning the number of trial exhibits, the timing and manner of the exchange of exhibit lists and deposition designations, including counter-designations and objections to the admissibility of any such exhibits and designations, exchange of demonstratives to be used at trial and objections to those demonstratives, and to address the treatment of confidential information at trial, including confidential information produced by non-parties and notice to those non-parties whose confidential information might be used at trial. After meeting and conferring on these issues, the Parties will, by the date indicated in Paragraph 1 above, either jointly submit a proposed trial procedures order addressing these and any other issues the Parties consider appropriate for the Court's consideration, or, if they fail to reach agreement on all of the issues to be addressed by the order, the Parties will submit separate proposed orders with a short memorandum briefly explaining the differences between the competing orders and the basis for their position. The Court will address any unresolved issues at the Final Pretrial Conference. |

**Discussion**:  Similar to the provisions regarding trial exhibits above, Plaintiff's proposal provides specific guidelines on serving demonstrative exhibits at trial. Defendants' proposal describes a general process for addressing admissibility and confidentiality of exhibits and how demonstratives are to be exchanged, but lacks specificity on the timing and mechanism by which these issues are to be resolved. Plaintiff is concerned that waiting until a week prior to the trial to address these issues could create an undue burden for the Court and a less efficient presentation of evidence at trial.