**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Case No. 1:17-cv-02511-RJL |
| | ) | |
| AT&T INC., DIRECTV GROUP HOLDINGS, LLC, and TIME WARNER INC., | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SCHEDULING ORDER**

In advance of the Court's Initial Status Conference, AT&T Inc., DirecTV Group Holdings, LLC, and Time Warner Inc. ("Defendants") submit this response to the Government's comparison of this case to other merger challenges—a comparison that purports to show that the case cannot be fairly litigated before the April 22, 2018 expiration of the merger agreement.

The Government's chart of timelines in other merger cases includes four cases in which the Government sued *after* the mergers had already been consummated (Parker-Hannifin, Bazaarvoice, Dean Foods, Microsemi), and three cases in which the mergers were abandoned before the scheduled trial date (Deere, AT&T-T-Mobile, JBS). These cases are not useful comparators. The Government also excludes FTC challenges on the ground that they involve preliminary injunction hearings rather than merits trials. But because a preliminary injunction is typically outcome-determinative, FTC challenges are vigorously litigated, and often involve extensive factual records.[1]

---

[1] *See, e.g.*, *FTC v. Staples, Inc.*, 190 F. Supp. 3d 100, 110 (D.D.C. 2016) (describing "extraordinary amount of work" involved in FTC investigation, including "seven weeks of discovery," with more than fifteen million pages of documents, more than seventy depositions, and five expert reports); *FTC v. Sysco Corp.*, 113 F. Supp. 3d 1, 15 (D.D.C. 2015) ("[W]ithin a

When FTC challenges are included along with pre-consummation DOJ cases tried since

2000, Defendant's proposed timeline falls comfortably in line with other merger challenges:

| Case Name | Complaint Filed | Days to Trial/Hearing |
|---|---|---|
| Sungard Data Sys. (D.D.C.) (DOJ) | Oct. 22, 2001 | 17 |
| Foster (D.N.M.) (FTC) | Apr. 12, 2007 | 25 |
| ProMedica Health (N.D. Ohio) (FTC) | Jan. 7, 2011 | 34 |
| Libbey (D.D.C.) (FTC) | Jan. 14, 2002 | 42 |
| CCC Holdings (D.D.C.) (FTC) | Nov. 26, 2008 | 43 |
| H.J. Heinz (D.D.C.) (FTC) | July 14, 2000 | 47 |
| Phoebe Putney (M.D. Ga.) (FTC) | Apr. 20, 2011 | 54 |
| UPM-Kymmene Oyj (N.D. Ill.) (DOJ) | Apr. 15, 2003 | 55 |
| Whole Foods (D.D.C.) (FTC) | June 6, 2007 | 55 |
| Franklin Electric (W.D. Wis.) (DOJ) | May 31, 2000 | 62 |
| Lab. Corp. (C.D. Cal.) (FTC) | Dec. 1, 2010 | 64 |
| Swedish Match (D.D.C.) (FTC) | June 23, 2000 | 74 |
| Sysco (D.D.C.) (FTC) | Feb. 20, 2015 | 74 |
| OSF Healthcare (N.D. Ill.) (FTC) | Nov. 18, 2011 | 75 |
| Steris (N.D. Ohio) (FTC) | May 29, 2015 | 80 |
| Arch Coal (D.D.C.) (FTC) | Apr. 1, 2004 | 81 |
| **DEFENDANTS' PROPOSED SCHEDULE** | | **92** |
| Oracle (N.D. Cal.) (DOJ) | Feb. 26, 2004 | 102 |
| Staples (D.D.C.) (FTC) | Dec. 7, 2015 | 105 |
| Advocate Healthcare (N.D. Ill.) (FTC) | Dec. 22, 2015 | 105 |
| H & R Block (D.D.C.) (DOJ) | May 23, 2011 | 106 |
| Hershey Med. Ctr. (M.D. Pa.) (FTC) | Dec. 9, 2015 | 123 |
| Anthem-Cigna (D.D.C.) (DOJ) | July 21, 2016 | 123 |
| AB Electrolux (D.D.C.) DOJ) | July 1, 2015 | 124 |
| Aetna-Humana (D.D.C.) (DOJ) | July 21, 2016 | 137 |
| Energy Solutions (D. Del.) (DOJ) | Nov. 16, 2016 | 139[2] |

two-month period, the parties worked tirelessly to exchange millions of documents, depose dozens of witnesses, and secure over a hundred declarations.").  Each case also involved more than 20 movants, intervenors, and interested parties contesting complex third-party confidentiality issues.

[2] Trial placed in "ready pool" for 4/4/17; trial began on 4/24/17.

The Government relies heavily on Judge Brown's observation in *FTC v. Whole Foods*, 548 F.3d 1028, 1041 (D.C. Cir. 2008), that the District Court should take "whatever time it need[s]" to fully consider the evidence.  (Mot. 2.)  We agree.  Judge Brown was observing that a court should take adequate time *after* the hearing to reach its decision—which is precisely why Defendants' proposed schedule provides for 47 days between trial and the expiration of the merger agreement.  Defendants respectfully request that the Court set trial to commence on or about February 20, 2018 or as soon thereafter as the Court deems appropriate.

Dated:  December 4, 2017                By:  _____

Daniel M. Petrocelli (*pro hac vice*)
dpetrocelli@omm.com
M. Randall Oppenheimer (*pro hac vice*)
roppenheimer@omm.com
**O'MELVENY & MYERS LLP**
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

Katrina M. Robson (D.C. Bar No. 989341)
krobson@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street, NW
Washington, D.C. 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

*Counsel for AT&T Inc., DIRECTV Group Holdings, LLC, and Time Warner Inc.*

Peter T. Barbur (*pro hac vice*)
pbarbur@cravath.com
Kevin J. Orsini (*pro hac vice*)
korsini@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 8th Ave
New York, NY 10019
Telephone: (212) 474-1140
Facsimile: (212) 474-3700

*Counsel for Time Warner Inc.*

Robert C. Walters (*pro hac vice*)
rwalters@gibsondunn.com
Michael L. Raiff (*pro hac vice*)
mraiff@gibsondunn.com
**GIBSON DUNN & CRUTCHER**
2100 McKinney Avenue
Suite 1100
Dallas, TX 75201
Telephone: (214) 698-3114
Facsimile: (214) 571-2932

*Counsel for AT&T Inc. and DIRECTV Group Holdings, LLC*

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on December 4, 2017, I caused the foregoing to be electronically filed with the Clerk of Court using CM/ECF system, which will send notification of such filing to the registered participants.

By:  */s/ Katrina M. Robson*
Katrina M. Robson (D.C. Bar No. 989341)
krobson@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street, NW
Washington, D.C. 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414