FILED
DEC 21 2017
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

UNITED STATES OF AMERICA,

*Plaintiff,*

v.

AT&T INC., DIRECTV GROUP
HOLDINGS, LLC, and
TIME WARNER INC.,

*Defendants.*

Case No. 1:17-cv-02511-RJL

---

## CASE MANAGEMENT ORDER

This Court, having considered the motions of the parties for entry of their Proposed Case Management Order, and having conducted hearings on December 7 and 21, 2017, enters this Case Management Order pursuant to Rule 16 of the Federal Rules of Civil Procedure and LCvR 16.4:

1. **Service of Complaint**: Counsel for Defendants, acting on behalf of Defendants, have accepted service of the Complaint and have waived formal service of a summons.

2. **Discovery Conference**. The parties' prior consultations and submission of this Order relieve the parties of their duty under Federal Rule of Civil Procedure 26(f).

3. **Completion of Planned Transaction**. Defendants agree not to consummate or otherwise complete the challenged acquisition until the entry of a final and appealable judgment and, if the Court enters such judgment in favor of Defendants, not to consummate or otherwise complete the challenged acquisition until 12:01 a.m. on the sixth calendar day following entry of such judgment.

4. **Calculation of Dates.** Unless otherwise specified, dates are calculated according to Rule 6(a) of the Federal Rules of Civil Procedure.

5. **Dispositive Motions.** Due to the compressed schedule before trial, the parties agree that no case dispositive motions shall be filed in this action.

6. **Discovery of Confidential Information.** Discovery and production of confidential information shall be governed by any Protective Order entered by the Court in this action, and a copy of all such orders shall be included with any discovery requests, notices, or subpoenas directed to non-parties.

7. **Initial Disclosures.** The Parties agree to waive the exchange of disclosures under Federal Rule of Procedure 26(a)(1) and instead will produce the Investigation Materials pursuant to the terms of this Order.

8. **Statement Regarding Local Civil Rule 16.3(c)(3): Assignment to Magistrate Judge.** The Parties do not believe this matter should be assigned to a magistrate judge for all purposes, including trial.

9. **Statement Regarding Local Civil Rules 16.3(c)(4) and (5): Settlement Possibilities and ADR.** All Parties have engaged in good-faith settlement negotiations, but despite their efforts, have not been able to settle the matter. Defendants do not believe that this case would benefit from some form of alternative dispute resolution (other than the court's ADR procedures). The Plaintiff does not believe that this case would benefit from some form of alternative dispute resolution.

10. **Duty to Confer and Pre-Motion Conference Requirement.** Counsel are required, under Federal Rules of Civil Procedure 26(c)(1) and 37(a)(1) and Local Civil Rule 7(m), to confer in good faith in an effort to resolve any dispute before bringing it to this

Court's attention.

In addition, a pre-motion conference with the Court is required before making any motion in this case, with the exception of motions previously authorized by the Court, motions brought by order to show cause, motions for admission *pro hac vice*, motions for reargument or reconsideration, motions described in Rule 6(b) of the Federal Rules of Civil Procedure and Rule 4(a)(4)(A) of the Federal Rules of Appellate Procedure, and instances where a litigant believes that delay in filing might result in the loss of a right.

To arrange a pre-motion conference, counsel should describe their disputes in a single letter, jointly composed, not to exceed four pages in length. Separate and successive letters will not be read. The letter should be submitted directly to chambers. The letter should set forth the basis of any disputes, describe any anticipated motions, and request an informal conference. The letter *must* include a representation that the meet-and-confer process occurred and was unsuccessful. As a general matter, affidavits and exhibits are not permitted in connection with pre-motion letters without prior written request and permission. If an opposing party refuses to contribute to the joint letter or does not provide its portion of a joint letter within 48 hours of a party's request, a party may submit a letter without the opposing party's contribution and shall attach a copy of the correspondence seeking the opposing party's contribution. Upon review of the letter, the Court will inform the parties whether a telephone conference with the Court is needed. Counsel should be prepared to discuss with the Court matters raised by such letters, as the Court will seek to resolve disputes quickly, by order, conference, or telephone.

All motions, whether filed through the Electronic Filing System (ECF) or otherwise, must be accompanied by a proposed order setting forth the relief or action sought. Under no

3

circumstances shall the signature line appear alone on a page of the proposed order.

  **11.** **Investigation Materials and Similar Post-Complaint Materials**.

    **(a)** **Definitions of Investigation Materials**. "Investigation Materials" means non-privileged correspondence, documents, data, written information or statements, transcripts of testimony, exhibits used during testimony, declarations (including drafts), affidavits (including drafts), Civil Investigation Demands, informal requests for information, and other materials that:

      (i) were exchanged between any Defendant, or affiliated person or entity, and Plaintiff, either voluntarily or under compulsory process, during, and in connection with the Investigation; or

      (ii) were exchanged between any counsel for a Party who provided legal services to the Party in connection with the Investigation and any non-party not having an attorney-client or common-interest relationship with the Party (e.g., experts, consultants, and counsel for co-Defendants), where such communications were made for the purposes of the Investigation.

    **(b)** **Production**. The parties will produce, consistent with the timeframe listed in the Proposed Scheduling Order and the Stipulated Protective Order, all Investigation Materials, regardless of whether the materials were received informally or through compulsory process (such as a subpoena or Civil Investigative Demand) and regardless of whether a party received the materials in hard-copy or electronic form. The Parties will promptly and on a rolling basis produce the Investigation Materials consistent with this schedule and the terms of the Protective Order. The Parties, during this case, will

neither request nor seek to compel the production of any notes of interviews conducted by counsel, memoranda of such interviews, or recitation of information contained in such notes or memoranda (absent any waiver) except for such material relied upon by a testifying expert and not produced in compliance with paragraph 21(b)(ii). Nothing in this Order requires the production of any Party's attorney work product, confidential attorney-client communications, communications with or information provided to any potentially or actually retained expert, or materials subject to the deliberative process or any other governmental privilege. Notwithstanding the definition of Investigation Materials, Plaintiff need not produce back to Defendants documents, data, or other materials originally received from Defendants, either voluntarily during the Investigation or in response to any request during the Investigation, and nor shall Plaintiff need produce to a Defendant documents, data, or other materials received from any other Defendant, either voluntarily during the Investigation or in response to any request during the Investigation. Defendants may, at their discretion, produce documents they respectively produced to Plaintiff during the Investigation to each other. Defendants need not produce back to the United States documents, data, or other materials originally produced to the United States, either voluntarily during the Investigation or in response to any request during the Investigation.

(c) **Privilege**. Pursuant to Federal Rule of Evidence 502(d), the production of Investigation Materials does not constitute a waiver of any protection that would otherwise apply to any other attorney work product, confidential attorney-client communications, or materials subject to the deliberative-process or any other governmental privilege concerning the same subject matter as such Investigation Materials.

**(d)** **Data Compilations.** In response to any Rule 34 requests for data or data compilations, the Parties will meet and confer in good faith regarding the requests and the timing of any data production and make employees knowledgeable about the content, storage, and production of data available for informal consultations during a meet-and-confer process.

**(e)** **Confidentiality.** The parties shall treat all Investigation Materials provided pursuant to paragraph 11(b) as "Confidential Information," as described in the Protective Order entered by this Court on December 8, 2017 in this case.

**12.** **Fact Witness Lists.** Plaintiff is limited to 35 natural persons on its preliminary trial fact witness list, and the Defendants collectively are limited to 35 natural persons on their preliminary trial fact witness list. The preliminary fact witness lists must provide the address and telephone number of each witness.

Plaintiff is limited to 30 natural persons on its final trial fact witness list, and the Defendants collectively are limited to 30 natural persons on their final trial fact witness list. Each witness for which a side offers deposition designations to be offered at trial must be included as a witness on that side's final trial fact witness list, and this designation shall count against the 30 natural person limit. Each side's final trial fact witness list may identify no more than 7 fact witnesses that were not identified on that side's preliminary trial fact witness list. If any new fact witnesses are added to a final trial fact witness list that were not on that side's preliminary trial fact witness list, a deposition by the other side of such witness does not count against that other side's total deposition time. The final trial fact witness lists must comply with Federal Rule of Civil Procedure 26(a)(3)(A)(i)-(ii).

The parties will meet and confer regarding whether and when to exchange deposition designations, and objections, and will thereafter submit an agreed upon order – or, if necessary, competing orders – with a schedule for the Court's consideration.

In preparing preliminary trial fact witness lists and final trial fact witness lists, the parties must make good-faith attempts to identify the witnesses (excluding expert witnesses) whom they expect that they may present at trial other than solely for impeachment. No party may call a person to testify at trial unless (a) that person was identified on that party's final trial fact witness list; (b) all parties agree that that party may call that person to testify; or (c) that party demonstrates good cause for allowing it to call that person to testify, despite that party's failure to identify that person sooner.

13. **Timely Service of Fact Discovery and Supplemental Discovery.** All discovery, including discovery served on non-parties, must be served in time to permit completion of responses by the close of fact discovery, except that Supplemental Discovery must be served in time to permit completion of responses by the close of Supplemental Discovery. For purposes of this Order, "Supplemental Discovery" means document and deposition discovery, including discovery served on non-parties, related to any person identified on a side's final trial fact witness list who was not identified on that side's preliminary trial fact witness list (including document and deposition discovery related to entities related to any such person). Depositions that are part of Supplemental Discovery must be noticed within 7 days of exchange of the final trial fact witness lists.

14. **Written Discovery on Parties.**

(a) **Requests for Production.** There is no limit on the number of requests for the production of documents that may be served by the parties. The parties must serve

any objections to requests for productions of documents within 5 business days after the requests are served. Within 2 business days of service of any objections, the parties must meet and confer to attempt to resolve any objections and to agree on custodians to be searched. Responsive productions (subject to any objections or custodian issues that have not been resolved) must be made on a rolling basis and must begin no later than 21 days after service of the request for production. Responsive productions must be completed no later than 21 days after resolution of objections and custodian issues. Notwithstanding any other part of this paragraph, in responding to requests for production of documents that are part of Supplemental Discovery, the parties must (a) serve any objections to such requests for production of documents within 3 business days after the requests are served; (b) make responsive productions (subject to any objections or custodian issues that have not been resolved) on a rolling basis; and (c) complete such productions no later than 7 business days after the requests are served.

**(b)    Document Productions**. The Defendants agree that all documents produced from their files during discovery shall be produced in compliance with Plaintiff's standard specifications for production of electronically stored information and in the same agreed to format as documents produced from their files during Plaintiff's investigation of the Proposed Transaction.

**(c)    Requests for Data**. In response to any requests for data or data compilations, the parties will meet and confer in good faith regarding the requests and will make employees knowledgeable about the content, storage, and production of data available for informal consultations during the meet-and-confer process. The parties must serve any objections to requests for data or data compilations within 5 business days after the requests

are served. Within 2 business days of service of any objections, the parties must meet and confer to attempt to resolve any objections. Throughout the meet-and-confer process, the parties will work in good faith to enable the complete production of data or data compilations no later than 14 days after service of the requests for production.

   **(d)** **Interrogatories**. Interrogatories are limited to 15 (including discrete subparts) by the United States to the Defendants collectively and to 15 (including discrete subparts) by Defendants collectively to the United States. Unless otherwise agreed, the parties shall respond in writing to interrogatories within 21 days after service. Within 2 business days of service of any objections, the parties must meet and confer to attempt to resolve any objections.

   **(e)** **Requests for Admission**. Requests for admission are limited to 7 by the United States to the Defendants collectively and to 7 by Defendants collectively to the United States. Requests for admission relating solely to the authentication or admissibility of documents, data, or other evidence (which are issues that the parties shall attempt to resolve initially through negotiation) do not count against these limits. Unless otherwise agreed, the parties must respond in writing to requests for admissions within 21 days after service. Within 2 business days of service of any objections, the parties must meet and confer to attempt to resolve any objections.

  15. **Written Discovery on Non-Parties**. The parties will in good faith cooperate with each other with regard to any discovery to non-parties in an effort to minimize the burden on non-parties. Each party must serve a copy of any discovery request to a non-party on the other side at the same time as the discovery request is served on the non-party. Every discovery request to a non-party shall include a cover letter requesting that (a) the non-party

stamp each document with a production number and any applicable confidentiality designation prior to producing it; (b) the non-party provide to the other side copies of all productions at the same time as they are produced to the requesting party; and (c) the non-party provide to the other side copies of all written correspondence with any party concerning the non-party's response to or compliance with any discovery request (including any extensions or postponements) within 1 business day of the correspondence. Each party requesting the discovery shall also provide to the other side copies of all written correspondence with the non-party concerning the non-party's response to or compliance with the discovery request (including any extensions or postponements) within 1 business day of the correspondence. If a non-party fails to provide copies of productions and correspondence to the other side, the requesting party shall provide such copies to the other side within 3 business days of the requesting party receiving such materials from the non-party. If a non-party fails to stamp its documents with a production number and confidentiality designation, the requesting party shall as soon as practicable after receiving the documents from the non-party apply such stamp and produce the stamped copies to the other side.

16. **Depositions**. Each side is permitted to take up to a maximum of 150 hours of party depositions and 100 hours of non-party depositions. During non-party depositions, the non-noticing side shall receive at least two hours of examination time. If a non-party deposition is noticed by both sides, then time shall be divided equally between the sides. Any time allotted to one side not used by that side in a non-party deposition may be used by the other side up to the 7-hour limit in total. Any party may further depose any person whose deposition was taken pursuant to a Civil Investigative Demand, and the fact that

such person's deposition was taken pursuant to a Civil Investigative Demand may not be used as a basis for any party to object to that person's deposition. The Parties reserve the right to seek from the Court additional total deposition time with particular non-parties or to seek a different allocation of time than the allocations that are set forth above.

If a party serves on a non-party a subpoena for the production of documents or electronically stored information and a subpoena commanding attendance at a deposition, the scheduled deposition date must be at least 7 business days after the return date for the document subpoena. If extending the date of production for the document subpoena results in fewer than 7 business days between the extended production date and the date scheduled for that non-party's deposition, the date scheduled for the deposition must be postponed to be at least 7 business days following the extended production date, unless the other party consents to fewer than 7 business days.

The following depositions do not count against the 150 hours cap imposed on party depositions or the 100 hours cap imposed on non-party depositions: (a) depositions of any persons identified on a side's preliminary or final trial witness list; (b) depositions of the parties' designated expert witnesses; (c) depositions taken pursuant to Civil Investigative Demands; and (d) depositions taken for the sole purpose of establishing the location, authenticity, or admissibility of documents produced by any party or non-party, provided that such depositions may be noticed only after the party taking the deposition has taken reasonable steps to establish location, authenticity, or admissibility through other means, and further provided that such depositions must be designated as being taken for the sole purpose of establishing the location, authenticity, or admissibility of documents at the time that they are noticed. Notwithstanding the foregoing limits and exceptions for fact witness

11

depositions, the Parties reserve their right to seek Court relief to the extent they believe that certain depositions are unwarranted.

Depositions of fact witnesses are limited to no more than one (7-hours on the record) day unless otherwise stipulated. Parties will make witnesses available for deposition upon 7 business days' notice. Parties will make their employees available for depositions in Washington, D.C.

17. **Evidence from a Foreign Country**. Before either side may offer documentary or testimonial evidence from an entity or person located in a foreign country, the other side must be afforded an opportunity by the entity or person (or both, when applicable) to obtain documentary and deposition discovery.

18. **Privilege Logs**.

(a) **Production of Documents Involving Privilege Material**. All non-privileged portions of any responsive document (including any non-privileged or redacted family members) as to which a privilege claim is asserted must be produced. When any family member of a produced document is withheld for privilege, the producing party will insert a placeholder indicating that a document has been withheld from the family on claim of privilege or, if the withheld family member is not responsive, that a non-responsive document has been withheld from the family on the claim of privilege.

(b) **Exclusions from Privilege Logs**. The parties agree that the following privileged or otherwise protected communications may be excluded from privilege logs:

    (i) documents or communications sent solely among outside counsel for the Defendants (or persons employed by or acting on behalf of such counsel);

(ii) documents or communications sent solely among counsel of the United States (or persons employed by or acting on behalf of the United States Department of Justice);

(iii) documents or communications sent solely among counsel for the United States and counsel for the state attorneys general (or persons employed by the U.S. Department of Justice or the state attorneys general);

(iv) documents or communications sent solely among counsel of the United States (or persons employed by the United States Department of Justice) and counsel for any independent agency of the federal government;

(v) documents or communications sent solely among counsel for the United States and counsel for any foreign competition agency or other government agency (or persons employed by the United States Department of Justice or such foreign agency or other government agency);

(vi) documents or communications sent solely among outside counsel for either Defendant and inside counsel for that Defendant;

(vii) documents that were not directly or indirectly furnished to any non-party, such as internal memoranda, and that were authored by the Parties' outside counsel (or persons acting on behalf of such counsel) or by counsel for the Plaintiff (or persons employed by Plaintiff);

(viii) non-responsive, privileged documents attached to responsive documents. When non-responsive, privileged documents that are attached to responsive documents are withheld from production, however, the parties will insert a placeholder to indicate a document has been withheld from that family;

(ix) privileged documents relating exclusively to the preparation of requests for or responses to any Second Request or Civil Investigative Demand;

(x) privileged draft contracts;

(xi) draft litigation filings;

(xii) draft regulatory filings; and

(xiii) non-responsive, privileged documents attached to responsive documents.

**(c)** **Privilege Log Format**. The Parties also agree to the following guidelines concerning the preparation of privilege logs: (a) a general description of the litigation underlying attorney work-product claims is permitted; (b) identification of the name and the company affiliation for each non-defendant person is sufficient identification; (c) identification of the name and the department for each defendant person is sufficient identification; and (d) for documents redacted for privilege, the privilege log need only provide the Bates number, an indication that the document was produced in redacted form, information that can be population from the metadata of the document, the type of privilege being asserted, and the basis for the privilege.

**(d)** **Name Index**. The privilege log will be produced along with a separate index containing an alphabetical list (by last name) of each name on the privilege log, identifying titles, company affiliations, the members of any group or email list on the log (e.g., the Board of Directors), and any name variations used in the privilege log for the same individual.

**(e)** **Designation of Attorneys**. For each entry of the privilege log, all attorneys acting in a legal capacity with respect to that particular document or communication will be marked with the designation ESQ after their names (include a space before and after the "ESQ"). Similarly, in the separate index of names, counsel for a party shall be marked with the designation ESQ in a separate column.

19.   **Inadvertent Production of Privileged or Work Product Documents or Information**. Pursuant to and consistent with Federal Rule of Evidence 502(d), if a document or information subject to a claim of attorney-client privilege, work-product immunity, or any other relevant privilege or immunity under relevant federal case law and rules, production of which should not have been made to any party, is inadvertently

produced to such party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product, or any other ground for withholding production to which the party producing the documents or information otherwise would be entitled.

20. **Presumption of Authenticity**. Documents produced by parties and non-parties from their own files shall be presumed to be authentic within the meaning of Federal Rule of Evidence 901. Any good-faith objection to a document's authenticity must be provided with the exchange of other objections to intended trial exhibits. If the opposing side serves a specific good-faith written objection to the document's authenticity, the presumption of authenticity will no longer apply to that document and the parties will promptly meet and confer to attempt to resolve any objection. Any objections that are not resolved through this means or the discovery process will be resolved by the Court.

21. **Expert Witness Disclosures and Depositions**. Expert disclosures, including each side's expert reports, must comply with the requirements of Federal Rule of Civil Procedure 26(a)(2), except as modified by this paragraph.

   **(a)** Neither side must preserve or disclose for purposes of complying with Rule 26(a)(2), including in expert deposition testimony, the following documents or materials:

   (i) any form of oral or written communications, correspondence, or work product not relied upon by the expert in forming any opinions in his or her final report shared between:

   (A) the expert and any persons assisting the expert;

   (B) any parties' counsel and their experts, or between any agent or employee of any parties' counsel and their experts;

        (C)    testifying and non-testifying experts;

        (D)    non-testifying experts; or

        (E)    testifying experts;

(ii)    expert's notes, except for notes of interviews participated in or conducted by the expert of persons on any party's preliminary trial witness list or final trial witness list if the expert relied upon such notes in forming any opinions in his or her final report;

(iii)    drafts of expert reports, contracts, affidavits, or declarations; and

(iv)    data formulations, data runs, data analyses, or any database-related operations not relied upon by the expert in forming any opinions in his or her final report.

**(b)**    The parties agree that the following materials will be disclosed at the same time that each expert report is served:

(i)    a list of all documents relied upon by the expert in forming any opinions in his or her report, including Bates numbers of documents previously produced;

(ii)    copies of all materials relied upon by the expert in forming any opinions in his or her report that were not previously produced and that are not readily available publicly;

(iii)    a list of all publications authored by the expert in the previous 10 years;

(iv)    copies of all publications authored by the expert in the previous 10 years that are not readily available publicly;

(v)    a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition, including tribunal and case number; and

(vi)    for all calculations appearing in the report, all raw data and programs underlying the calculations, including all programs and codes necessary to recreate the calculations from the initial ("raw") data files.

**(c)**    The court's schedule allows for an initial and rebuttal report. Any additional supplemental report may not be served without leave of court.

Each expert will be deposed for only one (7-hours on the record) day, with all 7 hours reserved for the side noticing the expert's deposition. Depositions of each side's experts will be conducted only after disclosure of all expert reports and all of the materials identified in paragraph 21(b) for all of that side's experts.

22. **Trial Procedures Order.** The Parties will meet and confer in good-faith regarding a trial procedures order to govern issues concerning the number of trial exhibits, the timing and manner of the exchange of exhibit lists and deposition designations, including counter-designations and objections to the admissibility of any such exhibits and designations, exchange of demonstratives to be used at trial and objections to those demonstratives, and to address the treatment of confidential information at trial, including confidential information produced by non-parties and notice to those non-parties whose confidential information might be used at trial. After meeting and conferring on these issues, the Parties will, by the date indicated in the Court's Scheduling Order, either jointly submit a proposed trial procedures order addressing these and any other issues the Parties consider appropriate for the Court's consideration, or, if they fail to reach agreement on all of the issues to be addressed by the order, the Parties will submit separate proposed orders with a short memorandum briefly explaining the differences between the competing orders and the basis for their position. The Court will address any unresolved issues at the Final Pretrial Conference.

23. **Service of Pleadings and Discovery on Other Parties.** Service of all pleadings, discovery requests (including subpoenas for testimony or documents pursuant to Federal Rule of Civil Procedure 45), expert disclosures, and delivery of all correspondence in this matter shall be made by ECF or email, except when the volume of attachments

requires overnight delivery of the attachments or personal delivery, to the following individuals designated by each party:

*For Plaintiff United States of America*:

Alvin H. Chu
Peter Schwingler
Eric D. Welsh
Craig Conrath
U.S. Department of Justice
450 Fifth Street NW, Suite 7000
Washington, DC 20530
alvin.chu@usdoj.gov
peter.schwingler@usdoj.gov
eric.welsh@usdoj.gov
craig.conrath@usdoj.gov

*For Defendants AT&T Inc. and DirecTV Group Holdings, LLC*

Daniel M. Petrocelli
Katrina M. Robson
Kenneth R. O'Rourke
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, D.C. 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
dpetrocelli@omm.com
krobson@omm.com
korourke@omm.com

Robert C. Walters
Michael L. Raiff
GIBSON DUNN & CRUTCHER
2100 McKinney Avenue
Suite 1100
Dallas, TX 75201
Telephone: (214) 698-3114
Facsimile: (214) 571-2932
rwalters@gibsondunn.com
mraiff@gibsondunn.com

*For Defendant Time Warner Inc.*:

Daniel M. Petrocelli
Katrina M. Robson
Kenneth R. O'Rourke
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, D.C. 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
dpetrocelli@omm.com
krobson@omm.com
korourke@omm.com

Christine A. Varney
Peter T. Barbur
Kevin J. Orsini
CRAVATH, SWAINE & MOORE LLP
825 8th Ave
New York, NY 10019
Telephone: (212) 474-1140
Facsimile: (212) 474-3700
cvarney@cravath.com
pbarbur@cravath.com
korsini@cravath.com

For purposes of calculating discovery response times under the Federal Rules of Civil Procedure, electronic delivery at the time the email was received shall be treated in the same manner as hand delivery at that time. However, for any service other than service of court filings, email service that is delivered after 6:00 p.m. Eastern Time shall be treated as if it was served the following business day.

24. **Nationwide Service of Trial Subpoenas.** To assist the parties in planning discovery, and in view of the geographic dispersion of potential witnesses in this action outside this District, the parties shall be permitted, pursuant to 15 U.S.C. § 23, to issue trial subpoenas that may run into any other federal district requiring witnesses to attend this Court. The availability of nationwide service of process, however, does not make a witness who is otherwise "unavailable" for purposes of Federal Rule of Civil Procedure 32 and Federal Rule of Evidence 804 available under those rules or otherwise affect the admissibility at trial of a deposition of a witness.

25. **Modification of Case Management Order.** Any party may seek modification of this Order for good cause. The Court maintains the right to modify this Order as is necessary to address the issues presented in this case and accommodate its obligation to resolve other time-sensitive legal matters on its docket.

**SO ORDERED.**

DATED: 12/21/17

RICHARD J. LEON
United States District Judge