## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> *Plaintiff,* <br><br> v. <br><br> AT&T INC., DIRECTV GROUP HOLDINGS, LLC, and TIME WARNER INC., <br><br> *Defendants.* | Case No. 1:17-cv-02511-RJL |

**FILED**
**DEC 29 2017**
Clerk, U.S. District and Bankruptcy Courts

## AMENDED PROTECTIVE ORDER

In the interests of (i) ensuring efficient and prompt resolution of this Action; (ii) facilitating discovery by the Parties litigating this Action; and (iii) protecting confidential information from improper disclosure or use, the Parties stipulate to the provisions set forth below. The Court, upon good cause shown and pursuant to Fed. R. Civ. P. 26(c)(1), **ORDERS** as follows:

**A.     Definitions**

(1)     As used herein:

(a)     "Action" means the above-captioned action pending in this Court, including any related discovery, pretrial, trial, post-trial, or appellate proceedings.

(b)     "Confidential Information" means (i) any trade secret or other confidential research, development, or commercial information, as such terms are used in Fed. R. Civ. P. 26(c)(1)(G); or (ii) any document, transcript, or other material containing such information that has not been published or otherwise made publicly available.

(c)     "Disclosed" means shown, divulged, revealed, produced, described, transmitted or otherwise communicated, in whole or in part.

(d)     "Document" means any document or electronically stored information, as the term is used in Fed. R. Civ. P. 34(a).

(e)     "Including" means including, but not limited to.

(f)     "Investigation" means any review, assessment, or investigation of the Planned Transaction, including any defense to any claim that the Planned Transaction would violate Section 7 of the Clayton Act.

(g)     "Investigation Materials" means non-privileged correspondence, documents, data, written information or statements, transcripts of testimony, declarations (including drafts), affidavits (including drafts), and other materials created or provided for purposes of the Investigation that (i) were exchanged between any Party and any non-Party not having an attorney-client or common-interest relationship with the Party (*e.g.*, experts, consultants, counsel for co-Defendants, and counsel for state attorneys general and foreign competition agencies), either voluntarily or under compulsory process, during and in connection with the Investigation; or (ii) any Party provided to any other Party, either voluntarily or under compulsory process, during and in connection with the Investigation.

(h)     "Prior Investigation Materials" means non-privileged correspondence, documents, data, written information or statements, transcripts of testimony, declarations (including drafts), affidavits (including drafts), and other materials that were exchanged between the Antitrust Division of the United States Department of Justice ("Division") and any person not having an attorney-client or common-interest relationship with the Division (*e.g.*, experts, consultants, and counsel for state attorneys general and foreign competition agencies), either

voluntarily or under compulsory process, during and in connection with a prior investigation by the Division. This definition applies only to materials that the Division agrees to produce or is ordered to produce in this Action.

(i) "Litigation Materials" means non-privileged correspondence, documents, data, written information or statements, transcripts of testimony, declarations (including drafts), affidavits (including drafts), and other materials created or provided for purposes of this Action that (i) are exchanged between any Party and any non-Party not having an attorney-client or common-interest relationship with the Party (*e.g.*, experts, consultants, counsel for co-Defendants, and counsel for state attorneys general and foreign competition agencies), either voluntarily or under compulsory process, in connection with and during the pendency of this Action; or (ii) any Party provides to any other Party, either voluntarily or under compulsory process, in connection with and during the pendency of this Action.

(j) "Outside Counsel" means the firm(s) of attorneys representing a Defendant in this Action, including any attorneys, paralegals, and other professional personnel (including support and IT staff), agents, or independent contractors retained by the Defendants that such outside counsel assigns to this Action, whose functions require access to the information.

(k) "Party" means the United States or any Defendant in this Action. "Parties" means collectively Plaintiff and Defendants in this Action.

(l) "Person" means any natural person, corporate entity, partnership, association, joint venture, governmental entity, trust, or business entity.

(m) "Planned Transaction" means AT&T Inc.'s planned acquisition of Time Warner Inc.

(n) "Protected Person" means any Person (including a Party) that has provided Investigation Materials or Prior Investigation Materials, or that provides Litigation Materials.

**B.   Notice**

(1) Within two (2) business days of the Court's entry of this Amended Protective Order, each Party shall send by email, facsimile, or overnight delivery a copy of this Order to each non-Party Protected Person (or, if represented by counsel, the non-Party Protected Person's counsel) that provided Investigation Materials or Prior Investigation Materials to that Party.

(2) If a non-Party Protected Person determines that this Order does not adequately protect its Confidential Information, it shall, within 7 calendar days after receipt of a copy of this Order, and after meeting and conferring with the Parties, enter an appearance in this Action for the sole purpose of filing a motion seeking additional protection from the Court for its Confidential Information. If a non-Party Protected Person timely files such a motion, the Investigation Materials or Prior Investigation Materials for which additional protection has been sought will not be provided to any other Persons until the Protected Party and the Parties have agreed, or the Court has ruled on the Protected Party's motion. This subparagraph B(2) does not apply to non-Party Protected Persons to whom a Party sent a copy of the prior Protective Order entered by the Court.

**C.   Designation of Confidential Information**

(1) **Right to Confidential Designation.** A Protected Person may designate as Confidential Information any Investigation Materials, Prior Investigation Materials, or Litigation Materials, to the extent such information constitutes Confidential Information as defined in Paragraph A(1)(b) of this Order. Such designations constitute a representation to the Court that the Protected Person (and counsel, if any) in good faith believes that the Investigation Materials,

Prior Investigation Materials, or Litigation Materials so designated constitute Confidential Information.

(2) **Inadvertent Non-Designation.** All documents and things produced by a Protected Person will be treated as Confidential Information for 10 days, even if not designated in accordance with this Order. Any production of documents, information, transcripts of testimony, or other materials not designated as Confidential Information will not be deemed a waiver of any future claim of confidentiality concerning such information if it is later designated as Confidential Information. If at any time prior to the trial of this Action, a Protected Person realizes that it should have designated as Confidential Information any Investigation Materials, Prior Investigation Materials, or Litigation Materials that the Protected Person previously produced during discovery in this Action, it may so designate such documents, testimony, or other materials by notifying the Parties in writing. The Parties shall thereafter treat the Investigation Materials, Prior Investigation Materials, or Litigation Materials pursuant to the Protected Person's new designation under the terms of this Order.

No prior disclosure of newly designated Confidential Information shall violate this Order, provided that the prior disclosure occurred more than 10 days after that material was produced without having been designated as Confidential Information. The disclosure of any information for which disclosure was proper when made will not be deemed improper regardless of any such subsequent confidentiality designation.

(3) **Inadvertent Disclosure.** In the event of a disclosure of any Confidential Information to any Person(s) not authorized to receive such disclosure under this Order, the Party responsible for having made such disclosure shall promptly notify the Protected Person whose material has been disclosed and provide to such Protected Person all known relevant information

concerning the nature and circumstances of the disclosure. The disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made. Unauthorized or inadvertent disclosure shall not change the confidential status of any disclosed material or waive the right to maintain the disclosed material as containing Confidential Information.

(4) **Designation of Investigation Materials and Prior Investigation Materials.** Investigation Materials and Prior Investigation Materials submitted by a Protected Person, and any other materials that are entitled to confidentiality under the Antitrust Civil Process Act, 15 U.S.C. § 1313(c)(3), the Hart–Scott–Rodino Antitrust Improvements Act, 15 U.S.C. § 18a(h), or under any other federal or state statute, regulation, or precedent, and any information taken from any portion of such document, however that information is recorded or transmitted, will be treated in the first instance as Confidential Information under this Order. Such material may be disclosed only in accordance with the procedures set forth in this Order. The confidentiality of such materials may later be challenged under the provisions of Paragraph D below. This Order does not require any Party to stamp or otherwise mark Investigation Materials or Prior Investigation Materials as Confidential Information, provided that the Investigation Materials or Prior Investigation Materials are produced in electronic format on a disk or other medium, and the Party designates the disk or other medium as "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER."

(5) **Designation of Litigation Materials.** The following procedures govern the process for Protected Persons to designate as Confidential Information any information that they disclose in this Action after this Order is entered, including but not limited to information in

response to requests under Fed. R. Civ. P. 30, 31, 33, 36 and 45, and documents disclosed in response to Fed. R. Civ. P. 33(d), 34(b)(2) and (c), or 45:

(a) *Copy of order.* When discovery is sought from a non-Party in this Action after entry of this Order, a copy of this Order must accompany the discovery request, unless the non-Party has previously received a copy of this Order under Paragraph B.

(b) *Deposition Testimony.* All transcripts of depositions taken in this Action after entry of this Order will be treated as Confidential Information in their entirety for 10 business days after the date when a complete and final copy of the transcript has been made available to the deponent (or the deponent's counsel, if applicable). Within three (3) business days of receipt of the final transcript, the Party who noticed the deposition shall provide the final transcript to the deponent. Within 10 business days following receipt of the final transcript, the deponent may designate as Confidential Information any portion of the deposition transcript, by page(s) and line(s), and any deposition exhibits provided by the deponent or the deponent's employer. Any portion of the transcript or exhibits not so designated will not be treated as Confidential Information, despite any prior designation of confidentiality. To be effective, such designations must be provided in writing to Plaintiff's and Defendants' counsel listed for such purpose in the Case Management Order.

When a Party is entitled under this Order to question a deponent about a document or information that has been designated by a different Protected Person as Confidential Information, the Party that asked such questions shall designate as Confidential Information the portion of the transcript that reveals such Confidential Information.

(c) *Documents.* A Protected Person who designates as Confidential Information any document that it produced in this Action must stamp or otherwise mark each

page containing Confidential Information with the designation "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER," or similar designation, in a manner that will not interfere with legibility or audibility.

(d) *Litigation Materials*. Litigation Materials submitted by a Protected Person, and any information taken from any portion of such materials, however that information is recorded or transmitted, will be treated for 10 days as Confidential Information under this Order. Such material may be used and disclosed only in accordance with the procedures set forth in this Order. The confidentiality of such materials may later be challenged under the provisions of Paragraph D below.

(e) *Electronic Documents and Data*. Where a Protected Person produces electronic files and documents in native electronic format, such electronic files and documents shall be designated by the Protected Person for protection under this Order by appending to the file names or designators information indicating whether the file contains Confidential Information, or by any other reasonable method for appropriately designating such information produced in electronic format, including by making such designations in reasonably accessible metadata associated with the files.

Where Confidential Information is produced in electronic format on a disk or other medium that contains Confidential Information, the "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" designation may be placed on the disk or other medium. When electronic files or documents in native form are printed for use at deposition, in a court proceeding, or for provision in printed form to any person described in Paragraph E(1)(c), the Party printing the electronic files or documents shall affix a legend to the printed document with the production number and any designation of Confidential Information associated with the

native file, or use another reasonable method for appropriately designating such information.

## D. Challenges to Confidentiality Designations

(1) Any Party who objects to any designation of confidentiality may at any time before the trial of this Action provide a written notice to the Protected Person who made such designation and all Parties stating with particularity the grounds for the objection. All materials objected to shall continue to be treated as Confidential Information pending resolution of the dispute.

(2) Within three business days of the objecting Party's written notice, the objecting Party and the Protected Person shall confer to discuss their respective positions. If the objecting Party and the Protected Person cannot reach agreement on the objection within three business days of the Party's written notice, the Protected Person may address the dispute to this Court through the procedures set out in this Court's Case Management Order. The Protected Person bears the burden of persuading the Court that the material is Confidential Information within the definition set forth in Paragraph A(1)(b). The designated information shall be treated in accordance with its Confidential Information designation under this Order until the Court resolves the designating Protected Person's timely objection. If the Protected Person fails to timely address the Court in accordance with this Paragraph, or if the Court finds the designation of Confidential Information to have been inappropriate, the challenged designation shall be considered rescinded. The Parties thereafter shall not be required to treat the information as Confidential Information under this Order.

(3) This order shall not preclude or prejudice either the Protected Person or the objecting Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information.

(4)     This order shall not preclude or prejudice any Person from objecting to the production of documents or other materials under the rules that otherwise apply to discovery of information.

E.     **Disclosure of Confidential Information**

(1)     Confidential Information may be disclosed only to the following Persons:

(a)     the Court and all Persons assisting the Court in this Action, including special masters, law clerks, court reporters, and stenographic or clerical personnel;

(b)     Plaintiff's attorneys, paralegals, and other professional personnel (including support and IT staff), agents, or independent contractors retained by Plaintiff to assist in this Action, whose functions require access to the information;

(c)     Defendants' Outside Counsel in this Action;

(d)     outside vendors or service providers (such as copy-service providers and document-management consultants) retained by a Party to assist that Party in this Action, provided that each company acting as an outside vendor or service provider shall first execute an Agreement Concerning Confidentiality in the form of Appendix A attached hereto;

(e)     any mediator or arbitrator (including his or her staff) that the Parties engage in this Action or that this Court appoints;

(f)     Persons who are authors, addressees, and recipients of particular information designated as Confidential Information solely to the extent they have previously had lawful access to the particular Confidential Information that was disclosed or is to be disclosed; or persons for whom counsel for Plaintiff or Defendants believes in good faith previously

received or had access to the document, unless the person indicates that he or she did not have access to the document;

(g) any Person retained by a Party to serve as a testifying or consulting expert in this Action, including employees of the firm with which the expert or consultant is associated or independent contractors who assist the expert's work in this Action, provided that they shall first execute an Agreement Concerning Confidentiality in the form of Appendix A attached hereto; and

(h) outside trial consultants (including, but not limited to, graphics consultants) provided that they shall first execute an Agreement Concerning Confidentiality in the form of Appendix A attached hereto.

(2) The Defendants reserve the right to move to amend this Order to allow disclosure of Confidential Information to certain in-house counsel. Should the Defendants move to amend the Protective Order, any Protected Person whose documents would be disclosed to Defendants' in-house counsel under the provisions of the amended order will be provided at least 5 business days' written notice of the motion to amend and an opportunity to object to the amendment. Plaintiff reserves the right to object to any motion by Defendants to amend this Order to allow disclosure of Confidential Information to certain in-house counsel.

(3) Counsel for the Party making the disclosure must retain the original of the Agreement Concerning Confidentiality in the form of Appendix A attached hereto for a period of at least one year following the final resolution of this Action.

(4) Each individual described in Paragraph E(1) of this Order to whom information designated as Confidential Information is disclosed must not disclose that Confidential Information to any other individual, except as provided in this Order.

(5) All Confidential Information produced by a Party or a non-Party as part of this proceeding shall be used solely for the conduct of this Action and shall not be used for any business, commercial, competitive, personal, or other purpose.

(6) In the event that any Party seeks to use any non-Party Protected Person's Confidential Information in any deposition taken in this Action, such information shall not be disclosed to any Person (including, but not limited to, Party representatives and in-house counsel) other than those Persons described in Paragraph E(1) of this Order. No Person other than those Persons described in Paragraph E(1) of this Order may attend the portion of any deposition related to any non-Party Protected Person's Confidential Information, and will not be provided copies of the transcripts or exhibits for such portions of the depositions.

(7) Nothing in this Order prevents Plaintiff, subject to taking appropriate steps to preserve the confidentiality of such information, from disclosing such information designated as Confidential Information (i) in the course of any other legal proceeding in which the U.S. Department of Justice is a party; (ii) for the purpose of securing compliance with a Final Judgment in this Action; or (iii) for law enforcement purposes.

(8) Nothing in this Order:

(a) limits a Protected Person's use or disclosure of its own information designated as Confidential Information;

(b) prevents disclosure of Confidential Information by any Party to any current or former employee or corporate representative of the Protected Person that designated the Confidential Information;

(c) prevents disclosure of Confidential Information by any Party with the consent of the Protected Person that designated the material as Confidential Information;

(d) prevents disclosure by a Party of Confidential Information (i) that is or has become publicly known through no fault of that Party; (ii) lawfully acquired by or known to that Party independent of receipt during the Investigation or in discovery in this Action; (iii) previously produced, disclosed and/or provided to that Party without an obligation of confidentiality and not by inadvertence or mistake; or (iv) pursuant to an order of a Court; or

(e) prevents Plaintiff's retention or use or disclosure of Investigation Materials or Prior Investigation Materials outside the context of this Action to the extent permitted by applicable law or regulation governing such pre-complaint discovery including the Hart-Scott-Rodino Act, 15 U.S.C. § 18a, and the Antitrust Civil Process Act, 15 U.S.C. §§ 1311--14, or for law enforcement purposes, or as required by law, court order, or regulation.

**F.  Use of Information Designated Confidential in This Action**

(1) If any documents, testimony, or other materials designated under this Order as Confidential Information are included in any pleading, motion, exhibit, or other paper to be filed with the Court, the Party seeking to file must file such Confidential Information under seal, in accordance with Local Rule 5.1(h). This Order hereby grants the Parties leave to file such properly designated Confidential Information under seal. For any document filed under seal pursuant to this Order, the filing Party shall within 14 days file with the Court a public version of the document with the Confidential Information redacted. Nothing in this Order shall restrict the Parties or any interested member of the public from challenging the filing of any Confidential Information under seal.

(2) A Party that files with the Court material that has been designated as Confidential Information by a non-Party Protected Person shall notify the non-Party Protected Person of that filing (and what particular Confidential Information was filed) within twenty-four (24) hours after the filing, provided that the non-Party Protected Person has informed the Parties of its

desire to receive such notification and provided an email contact to the Parties. In addition, the Parties shall provide non-Party Protected Persons at least twenty-four (24) hours' notice before any pre-trial hearing during which that non-Party Protected Person's Confidential Information may be publicly disclosed, provided that the non-Party Protected Person has informed the Parties of its desire to receive such notification and provided an email contact to the Parties.

(3)   Disclosure at trial of documents, testimony, and other materials designated as Confidential Information will be governed pursuant to this Protective Order, the Case Management Order entered in this Action, and any further orders of the Court. To the extent not already covered by this Protective Order, the Case Management Order, or the Court's other pretrial orders, the Parties shall meet and confer and submit a recommended order outlining those procedures no later than 30 days before the first day of trial. Absent a ruling by the Court to the contrary, documents, deposition testimony, or other materials or information designated as Confidential Information by a Protected Person that appear on an exhibit list or in deposition designations, and that are admitted into evidence at trial, will be disclosed on the public record, and any examination relating to such information will likewise be disclosed on the public record, after compliance with procedures established by this Court.

## G.   Inadvertent Production of Privileged Information

(1)   Under Federal Rule of Evidence 502(d), the production of any documents or data subject to attorney-client privilege, work-product protection, or other applicable legal or evidentiary privilege ("Produced Privileged Material") is not a waiver in the pending case or in any other federal or state proceeding.

(2)   A Party or person claiming privilege or other protections for Produced Privileged Material must promptly notify any and all Receiving Parties that received the documents and provide sufficient information to the Receiving Party regarding the asserted privileges, in the

form of a privilege log as outlined in Rule 26(b)(5) of the Federal Rules of Civil Procedure. Alternatively, if a Receiving Party discovers a document that it believes to be Produced Privileged Material, the Receiving Party will promptly notify the Designating Party of what it believes to be the Produced Privileged Material (no Receiving Party will be found in violation of this Order for failing to identify Produced Privileged Material).

(3) After discovering or being notified of Produced Privileged Material, any Receiving Party may not use or disclose the inadvertently Produced Privileged Material in any way until the claim is resolved, and must take reasonable steps to retrieve the material if the Receiving Party disclosed it before being notified of or discovering the inadvertent production. In addition, within five days of discovering or being notified of Produced Privileged Material, any Receiving Party must return, sequester, or destroy the specified material and any copies. The Designating Party must retain a copy of the material until the resolution or termination of this Case. A Party may move the Court for an order compelling production of the material, but such Party may not assert as a ground for entering such an order the mere fact of inadvertent production. The Party asserting the privilege must file its opposition under seal and submit a copy of the material in question for in camera review.

(4) Nothing in this order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Party or person that produced the materials of such occurrence.

(5) This Order is not intended to impose on a Party a waiver of its rights to review its documents for privilege or any other reason (including to identify non-responsive documents) and the existence of this Order cannot be used to compel a Party to produce documents without review. Moreover, this Order does not mean that the cost of review should not be considered in

whether any particular discovery is proportionate (i.e., that the benefit of the discovery is not as great as the cost of said discovery including review).

**H.     Procedures upon Termination of This Action**

(1)     The obligations imposed by this Order survive the termination of this Action unless the Court, which shall retain jurisdiction to resolve any disputes arising out of this Order, orders otherwise. Within 90 days after the expiration of the time for appeal of an order, judgment, or decree terminating this litigation, all Persons having received information designated as Confidential Information must either make a good faith effort to return such material and all copies thereof to the Protected Person (or the Protected Person's counsel if represented by counsel) that produced it, or destroy or delete all such Confidential Information and certify that fact in writing to the Protected Person. Counsel for the Parties will be entitled to retain court papers, deposition and trial transcripts and exhibits, and work product, provided that the Parties and their counsel do not disclose the portions of court papers, deposition transcripts, exhibits, or work product containing information designated as Confidential Information to any person except pursuant to Court order or agreement with the Protected Person that produced the Confidential Information or as otherwise permitted herein. All Confidential Information returned to the Parties or their counsel by the Court likewise must be disposed of in accordance with this Paragraph. Nothing in this Paragraph, however, restricts the rights of the Parties under Paragraph E of this Order.

**I.     Right to Seek Modification**

Nothing in this Order limits any Person, including members of the public or a Protected Person, from seeking further or additional protections of any of its materials or modification of this Order upon motion duly made pursuant to the Rules of this Court, including, without limitation, an order that certain material not be produced at all or is not admissible evidence in

this Action or any other proceeding.

**J.     The Privacy Act**

Any order of this Court requiring the production of any document, information, or transcript of testimony constitutes a court order within the meaning of the Privacy Act, 5 U.S.C. § 552a(b)(11).

**K.     Persons Bound by This Order**

This Order shall be binding on the Parties to this Action, their attorneys, and their successors, personal representatives, administrators, assigns, parents, subsidiaries, divisions, affiliates, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control

**SO ORDERED.**

DATED: 12/29/17

RICHARD J. LEON
United States District Judge

## APPENDIX A

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>AT&T INC., DIRECTV GROUP HOLDINGS, LLC, and TIME WARNER INC.,<br><br>*Defendants.* | Case No. 1:17-cv-02511-RJL |

### AGREEMENT CONCERNING CONFIDENTIALITY

I, _____, am employed as _____ by _____.

I hereby certify that:

1. I have read the Protective Order entered in the above-captioned action, and understand its terms.

2. I agree to be bound by the terms of the Protective Order entered in the above-captioned action and agree to use the information provided to me only as explicitly provided in this Protective Order.

3. I understand that my failure to abide by the terms of the Protective Order entered in the above-captioned action will subject me, without limitation, to civil and criminal penalties for contempt of Court.

4. I submit to the jurisdiction of the United States District Court for the District of Columbia solely for the purpose of enforcing the terms of the Protective Order entered in the above-captioned action and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of said Court.

5. I make this certification this ____ day of _____, 20____.

_____
SIGNATURE