## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) |
| | ) Case Number 1:17-cv-02511-RJL |
| | ) |
| AT&T INC., DIRECTV GROUP HOLDINGS, | ) |
| LLC, and TIME WARNER INC., | ) |
| | ) |
| *Defendants*. | ) |

## <u>NOTICE OF PROPOSED ORDER</u>

Pursuant to the Court's Supplemental Scheduling Order (Dkt. No. 72), the United States,

on behalf of itself and Defendants, files the attached proposed Joint Confidentiality Order.

Dated: March 9, 2018

Respectfully submitted,

        /s/ Eric D. Welsh
Eric D. Welsh (D.C. Bar #998618)
Lawrence A. Reicher
U.S. Dept. of Justice, Antitrust Division
450 Fifth Street, NW, Suite 7000
Washington, DC 20530
Phone: (202) 598-8681
Email: eric.welsh@usdoj.gov

*Attorneys for United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2018, I caused a true and correct copy of the foregoing document to be served upon the parties of record via the Court's CM/ECF system.

_____/s/ Eric D. Welsh_____
Eric D. Welsh
U.S. Dept. of Justice, Antitrust Division
450 Fifth Street, NW, Suite 7000
Washington, DC 20530
Phone: (202) 598-8681
Email:eric.welsh@usdoj.gov

*Attorney for United States of America*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) <br> ) <br> ) |
| *Plaintiff*, | ) <br> ) |
| v. | ) <br> )     Case Number 1:17-cv-02511-RJL <br> ) |
| AT&T INC., DIRECTV GROUP HOLDINGS, <br> LLC, and TIME WARNER INC., | ) <br> ) <br> ) |
| *Defendants*. | ) |

## [PROPOSED] JOINT CONFIDENTIALITY ORDER

This Court hereby enters this JOINT CONFIDENTIALITY ORDER

**Treatment of Confidential Information at Trial**

      1.     **Third Party Information.** By March 9, 2018 at 8:00 p.m., each side shall

inform each third party of all documents produced by that third party that are on that

side's exhibit list.  By March 10, 2018 at 6:00 p.m., each side shall inform each third

party of the final deposition designations of any third party designated depositions that

that party intends to submit to the Court at trial. To the extent the foregoing documents

and/or deposition designations have been previously designated as confidential by that

third party, the terms of Amended Protective Order ¶ D provide the process for objecting

to and resolving confidentiality designations with either side "objecting to any

designation of confidentiality" by "stating with particularity the grounds for the

objection."  Amended Protective Order (Dkt. No. 58) ¶D(1).  Nothing in this Order is

intended to circumvent that process or timing.  To the extent objections had not already

been lodged, by no later than March 11, 2018 at 12:00 p.m., each side shall provide

written notice of objections to third party confidentiality designations pursuant to the
Amended Protective Order.  For avoidance of doubt this does not require either party to
identify impeachment documents or impeachment testimony that may be confidential.
Thereafter, on March 14, 2018, and to the extent not already resolved, the third parties
are directed to meet and confer with Plaintiff and Defendants regarding objections to
confidentiality designations relating to any third party documents on the trial exhibit list
and any designated third party depositions.  In preparation for those meet and confers,
third parties shall consider providing proposed redactions, including any personally
identifiable information.  To the extent any unresolved confidentiality issues remain
involving third parties, the Court shall conduct a hearing on March 15, 2018 at 3:00 p.m.
to address and resolve those concerns in advance of trial.

      2.      **Party Information.**

      **(a)**      Following the parties' exchange of proposed trial exhibit lists on
March 8, 2018, and final deposition designations on March 10, 2018, each side
shall exchange, no later than 6:00 p.m. on March 10, 2018, objections to the
opposing side's deposition designations and to the opposing side's exhibits,
including any objections to confidentiality designations for party document
exhibits.  For the avoidance of doubt, any deposition confidentiality designations
and any objections thereto (including the applicability of such confidentiality
designations and objections thereto to deposition designations) will be addressed
separately under the process agreed to by the parties, and any failure to raise such
issues in connection with deposition designations shall not be a waiver of any
confidentiality claims or objections to confidentiality claims.

**(b)**     On March 11, 2018, the parties shall meet and confer regarding disputes about the admissibility of documents and deposition designations and disputes about the confidentiality of party document exhibits.

**(c)**     Any objections to confidentiality designations of CID depositions will be made by Plaintiff within three (3) business days of receipt of the designations but no later than March 14 at 2:00 p.m.  The parties will meet and confer regarding the foregoing objections by no later than March 15, 2018 at 10:00 a.m.

**(d)**     Following the parties' meet and confers regarding exhibits, depositions and deposition designations, any remaining disputes will be addressed during a hearing on March 13, 2018 at 3:00 p.m. and, to the extent necessary, at the hearing on March 15, 2018 at 3:00 p.m.  This Order does not amend the terms of the Amended Protective Order and does not modify the rights of the parties to object to confidentiality disclosures under Paragraph D thereunder.

**3.**     **Plaintiff, Defendants, and third parties** are expected to narrow and resolve confidentiality objections to the extent feasible, so that the courtroom may remain open throughout this proceeding as much as possible. The proponent of confidentiality will in every case bear the burden of proving to the Court that information or documents must remain confidential.

**4.**     **Use at Trial**. Where appropriate confidentiality objections remain, Counsel shall be directed to prepare their examinations to be mindful of the confidential information and the need to keep an open courtroom as much as possible. In examining or cross-examining witnesses on information designated as confidential information

under the Amended Protective Order, counsel shall use their best efforts to conduct the examination in a manner that does not require closing the courtroom by referencing to the Court, witnesses, and counsel the pertinent confidential information contained in the documents or demonstratives which are not themselves made public during the examination or cross-examination.

The parties shall discuss with the Court during the March 13 conference the issue of closing the Court in the event either party decides it is unable to reasonably examine or cross-examine a witness without revealing confidential information.

5.    **Filings.** The treatment of Confidential Information that is included in any pleading, motion, exhibit, or other paper to be filed with the Court will continue to be governed by Paragraphs F(1) and (2) of the Amended Protective Order (entered December 29, 2017) (Dkt. No. 58).  Confidentiality designations of the parties may be addressed and resolved during the 14-day period provided by the Amended Protective Order ¶ F.

**SO ORDERED.**

DATED:            _____            _____
                                        RICHARD J. LEON
                                        United States District Judge