# EXHIBIT 7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**ARCH COAL, INC., et al.,**<br><br>Defendants. | Civil Action No.  04-0534 (JDB) |
| **STATE OF MISSOURI, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**ARCH COAL, INC., et al.,**<br><br>Defendants. | Civil Action No.  04-0535 (JDB)<br><br>(Consolidated Cases) |

MEMORANDUM OPINION

On May 29, 2003, defendant Arch Coal, Inc. ("Arch") entered a Merger and Purchase Agreement to acquire defendant Triton Coal Co. ("Triton") -- including two mines, the Buckskin mine and the North Rochelle mine -- from Triton's parent, defendant New Vulcan Coal Holdings, LLC ("Vulcan").  Arch and Triton filed pre-merger notification forms on July 11, 2003, with the Department of Justice and the Federal Trade Commission ("FTC" or "Commission") under the Hart Scott Rodino ("HSR") Act, 15 U.S.C. § 18a.  In August 2003, the FTC sent Arch and Triton Requests for Additional Information ("Second Requests") to aid in its investigation of the

-1-

proposed acquisition. Arch informed the FTC in early December 2003 that it was contemplating the sale of the Buckskin mine to Peter Kiewit Sons, Inc. ("Kiewit"). Arch notified the FTC in late January 2004 that an agreement to sell Buckskin to Kiewit had been signed ("Kiewit transaction"). The FTC considered the Arch-Triton merger in light of the additional information concerning the proposed Kiewit transaction, but nevertheless issued an administrative complaint challenging the merger.

On April 8, 2004, pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), the FTC filed a motion for preliminary injunction to enjoin Arch from acquiring, directly or indirectly, any stock, assets, or other interests in Triton. That same day, plaintiffs States of Arkansas, Illinois, Iowa, Kansas, Missouri, and Texas ("States") filed a similar motion for a preliminary injunction pursuant to Section 16 of the Clayton Act, 15 U.S.C. § 26.[1] Presently before the Court is the motion in limine filed by the FTC to exclude, for the purposes of the preliminary injunction proceeding, all evidence and argument on the issue of Arch's proposed sale of the Buckskin mine to Kiewit. In effect, the FTC asks this Court to assess the proposed merger as if Arch would retain both the North Rochelle and Buckskin mines.

## DISCUSSION

The FTC characterizes the proposed post-merger divestiture of Buckskin to Kiewit as a "self-help permanent remedy" that is not properly before this Court. FTC Mot. at 3. The FTC argues that the Court should exclude consideration of the Kiewit transaction because, as a question of "remedy," it cannot be considered by this Court in a Section 13(b) action for

---

[1] By minute entry order issued on April 21, 2004, this Court consolidated the FTC and States cases for purposes of the preliminary injunction hearing and all discovery and pre-hearing proceedings related thereto.

preliminary relief, and because the proposed Kiewit transaction is not a sufficiently binding commitment in any event. In their responses to plaintiffs' complaints and requests for a preliminary injunction, defendants have explained that the proposed acquisition challenged by the FTC is properly seen as a set of two transactions involving, first, the acquisition of Triton's North Rochelle and Buckskin mines by Arch, and then the "concurrent divestiture" of the Buckskin mine to Kiewit. Arch Answer at 1. Defendants argue that ignoring the second transaction would be tantamount to the Court assessing "a purely hypothetical transaction of the Commission's making -- that none of the parties are proposing." Defs.Opp. at 2.

The Court's analysis centers initially on the task of defining the transaction that is being challenged by the FTC. The FTC argues that the Kiewit transaction is merely a proposed remedy to the Arch-Triton merger, while defendants argue that it is a central component of what they are proposing to do and hence what the FTC is challenging. The case most directly on point is Federal Trade Comm'n v. Libbey, 211 F.Supp.2d 34 (D.D.C. 2002). In Libbey, the FTC brought a Section 13(b) preliminary injunction proceeding to enjoin the acquisition of one glassware manufacturer by another. About a month after the FTC had voted to seek a preliminary injunction, and a week after the FTC had filed its complaint in district court, the parties to the merger amended their agreement to allow one party to acquire only a part of the other's manufacturing plants and glassware business, while the rest of the assets would be transferred to another entity. Id. at 38. The court in Libbey, noting that the parties had made a good-faith effort to address the FTC's concerns regarding the original merger agreement in amending that agreement, concluded that

> . . . parties to a merger agreement that is being challenged by the
> government can abandon that agreement and propose a new one in

> an effort to address the government's concerns. And when they do
> so under circumstances as occurred in this case, it becomes the new
> agreement that the Court must evaluate in deciding whether an
> injunction should be issued.

Id. at 46.

The FTC makes much of the fact that here defendants Arch and Triton, unlike the defendants in Libbey, have not amended their merger agreement to include the sale of Buckskin to Kiewit. The Commission notes that the Kiewit transaction is separate and distinct from the Arch-Triton merger agreement, that the Arch-Kiewit contract is contingent upon the successful acquisition of Triton by Arch and contains provisions that allow one or both parties to walk away from the deal, and that the deal might be renegotiated. The Commission therefore argues that the only transaction squarely in issue before this Court is the Arch-Triton merger.

While it cannot be denied that Arch, Triton, and Kiewit have chosen to structure the proposal as two separate transactions rather than one three-way agreement, the Court does not find this structural choice to be dispositive on the issue whether the Kiewit transaction should be considered in the preliminary injunction proceeding. In Libbey, the court noted that even after the parties had amended their merger agreement, the FTC remained capable of vetting the amended agreement and had in fact voted to enjoin the amended merger agreement. The court therefore concluded that it was the amended merger agreement that the FTC was challenging and that was properly before the court for review on the FTC's motion for preliminary injunction. Libbey, 211 F.Supp.2d at 46. Here as well, Arch informed the Commission in late January 2004 that it had signed an agreement with Kiewit and the FTC then issued its administrative complaint challenging the merger after "determin[ing] that the competitive concerns posed by Arch's acquisition of Triton were not remedied by Arch's offer to sell the Buckskin mine to Kiewit."

-4-

FTC Mot. at 4. Thus, the FTC has assessed and is in reality challenging the merger agreement imcluding the Buckskin divestiture.

The fact that the Kiewit transaction is contingent on the successful acquisition of Triton by Arch is not only a logical matter of course, but also reinforces, rather than casts doubt on, the representation the parties have made that the sale of the Buckskin mine will in fact take place after the Arch-Triton merger. The uncontroverted facts, as presented to the Court by both parties, reveal that the Kiewit transaction was proposed as a good faith response to the Commission's investigation and concerns regarding the competitive effects of the Arch-Triton merger. Arch and Kiewit, through senior officers, have testified unequivocally that each is fully committed to the transaction if the Arch-Triton merger is allowed, and that the Buckskin sale will definitely occur. The contract termination provisions referenced by the FTC do state that either Arch or Kiewit may terminate the agreement after a certain set "expiration date," if the closing on the Kiewit transaction, as determined by the closing of the Arch-Triton transaction, has not occurred by that date. But that is little more than a restatement of the obvious fact that the Arch-Kiewit contract is contingent upon the successful acquisition of Triton by Arch. Although theoretically the parties could renegotiate the Kiewit deal, senior officers have affirmed their intent to consummate all aspects of the transaction if not enjoined by this Court. The Court therefore concludes that the transaction that is the subject of the FTC's challenge is properly viewed as the set of two transactions involving the acquisition of Triton by Arch and the immediate divestiture of the Buckskin mine to Kiewit.

The FTC also argues that consideration of the Kiewit transaction is beyond the purview of this Court in a Section 13(b) preliminary injunction hearing and would impinge on the authority of

the FTC . The FTC contends that, absent a preliminary injunction from this Court, if Arch were permitted to acquire Triton and then sell Buckskin to Kiewit, the Commission would be unable to order Triton's current operations to be reconstituted in the hands of a new competitor if the Commission were to permanently enjoin the challenged transactions.[2] Therefore, the argument goes, the Commission would be irreparably prejudiced in its ability to fashion a complete and effective permanent remedy at the end of the administrative proceedings. The Court notes again, however, that the FTC, in bringing its administrative complaint against defendants in this Court, first determined that the Kiewit transaction did not resolve its concerns about the transaction. Consistent with the review structure created by Section 13(b), the burden is on the FTC to convince this Court that its judgment is correct that the Arch-Triton merger including the Kiewit transaction raises questions so serious, substantial, difficult and doubtful as to make the challenged transactions fair ground for permanent injunction proceedings before the Commission.

The role of the district court, according to the FTC, is not to sit as the ultimate fact-finder. See Federal Trade Comm'n v. Food Town Stores, Inc., 539 F.2d 1339, 1342 (4th Cir. 1976) ("The district court is not authorized to determine whether the antitrust laws have been or are about to be violated. That adjudicatory function is vested in FTC in the first instance. The only purpose of a proceeding under § 13 is to preserve the status quo until FTC can perform its function."). Rather, this Court's role is simply to determine whether the FTC has established a likelihood of success on the merits of its case by "raising questions going to the merits so serious, substantial, difficult and

---

[2] This argument is not much different from the competing problems presented in considering whether to allow any merger. If not enjoined preliminarily but later found to violate the law, can pre-merger competition really be recreated; and if enjoined preliminarily, would the merger be abandoned and thus no longer possible even if ultimately found lawful? See Federal Trade Comm'n v. Heinz, 246 F.3d 708, 726 (D.C. Cir. 2000).

doubtful as to make them fair ground for thorough investigation, study, deliberation and determination by the FTC in the first instance and ultimately by the Court of Appeals." Federal Trade Comm'n v. Heinz, 246 F.3d 708, 714-15 (D.C. Cir. 2000) (citations omitted).  The FTC therefore argues that the DOJ antitrust cases cited by defendants are not applicable because in those cases the district court does sit as the finder of fact.  This distinction, however, does not affect the applicability of the observation in United States v. Franklin Electric Co., Civ. A. No. 00-c-0334-c (W.D.Wisc. July 19, 2000) (order denying plaintiff's motion in limine), that a proposed transaction to resolve government antitrust concerns regarding a proposed merger or acquisition should be considered by the district court as "relevant to the determination whether, considered as a whole, defendants' transaction will lessen future competition substantially."  Even under Section 13(b), this Court's task in determining the likelihood of the FTC's success in showing that the challenged transaction may substantially lessen competition in violation of Section 7 of the Clayton Act requires the Court to review the entire transaction in question.  Given this Court's conclusion, based on all circumstances including the evidence presented at the preliminary injunction hearing, that the Arch-Kiewit transaction will in fact occur as agreed if the Arch-Triton merger goes forward, the Court is unwilling simply to ignore the fact of the divestiture of Buckskin to Kiewit.

## CONCLUSION

Because this Court regards the challenged transaction as consisting of both the acquisition of Triton by Arch and the divestiture of the Buckskin mine to Kiewit, and because its role under Section 13(b) requires it to give the challenged transaction a thorough, good-faith review, the Court concludes that excluding evidence and argument regarding the Kiewit transaction would be

tantamount to turning a blind eye to the elephant in the room.  The FTC's motion in limine will therefore be denied.  A separate order accompanies this memorandum opinion.

           /s/  John D. Bates
           JOHN D. BATES
      United States District Judge

Dated:     July 7, 2004

Copies to:

Rhett Rudolph Krulla,
FEDERAL TRADE COMMISSION
Bureau of Competition
601 Pennsylvania Avenue, NW
Room 6 109
Washington, DC 20580
(202) 326-2608
Fax : (202) 326-2071
Email: rkrulla@ftc.gov

Marc I. Alvarez
FEDERAL TRADE COMMISSION
601 New Jersey Avenue, NW
Washington, DC 20001
(202) 326-3662
Fax : (202) 326-2071
Email: malvarez@ftc.gov
       *Counsel for plaintiff Federal Trade Commission*

Anne E. Schneider
OFFICE OF THE ATTORNEY GENERAL
STATE OF MISSOURI

P.O. Box 899
Jefferson City, MO 65102
(573) 751-8455
Fax : (573) 751-7948
Email: anne.schneider@ago.mo.gov
>    *Counsel for plaintiff States and State of Missouri*

Bradford J. Phelps
OFFICE OF THE ATTORNEY GENERAL
323 Center Street
Little Rock, AR 72201
(501)682-3625
Fax : (501)682-8118
Email: bradford.phelps@ag.state.ar.us
>    *Counsel for plaintiff State of Arkansas*

Karl R. Hansen
OFFICE OF THE KANSAS ATTORNEY GENERAL
120 South West 10th Street
Second Floor
Topeka, KS 66612
(785)368-8447
Fax : (785)291-3699
Email: hansenk@ksag.org
>    *Counsel for plaintiff State of Kansas*

Robert W. Pratt
ILLINOIS OFFICE OF THE ATTORNEY GENERAL
100 West Randolph Street
13th Floor
Chicago, IL 60601
(312) 814-3722
Fax : (312) 814-1154
Email: rpratt@atg.state.il.us
>    *Counsel for plaintiff State of Illinois*

Thomas J. Miller
IOWA DEPARTMENT OF JUSTICE
Hoover State Office Building
1305 East Walnut Street
Des Moines, IA 50319
(515) 281-7054

Layne M. Lindebak

IOWA DEPARTMENT OF JUSTICE
East 13th and Walnut
Second Floor, Hoover Building
Des Moines, IA 50319
(515) 281-7054
Fax : (515) 281-4902
Email: llindeb@ag.state.ia.us
    *Counsel for plaintiff State of Iowa*

Rebecca Fisher
OFFICE OF THE ATTORNEY GENERAL OF TEXAS
300 West 15th Street
9th Floor
Austin, TX 78701
(512) 463-1265
Fax : (512) 320-0975
Email: rf@oag.state.tx.us
    *Counsel for plaintiff State of Texas*

Stephen Weissman
HOWREY SIMON ARNOLD & WHITE, LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 383-7450
Fax : (202)383-6610
Email: weissmans@howrey.com
    *Counsel for defendant Arch Coal, Inc.*

Charles Edward Bachman
O'MELVENY & MYERS, LLP
Times Square Tower
7 Time Square
New York, NY 10036
(212) 408-2421
Fax : (212) 326-2061
Email: cbachman@omm.com

Richard G. Parker
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006-4001
(202) 383-5380
Fax : (202) 383-5414
Email: rparker@omm.com

*Counsel for defendants New Vulcan Coal Holdings, LLC and Triton Coal Company, LLC*

Kenneth George Starling
PIPER RUDNICK LLP
1200 19th Street, NW
Washington, DC 20036
(202) 861-3830
Fax : (202) 689-7620
Email: kenneth.starling@piperrudnick.com
    *Counsel for movant Peter Kiewit Sons, Inc.*