**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Case Number 1:17-cv-02511-RJL |
| | ) | |
| AT&T INC., DIRECTV GROUP HOLDINGS, | ) | |
| LLC, and TIME WARNER INC., | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

**DIRECTV'S MOTION TO DISMISS**
**OR FOR ENTRY OF JUDGMENT IN ITS FAVOR**

Defendant DIRECTV Group Holdings, LLC ("DIRECTV") hereby moves, pursuant to

Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, Rule 52(c) for an order dismissing

it from this action or entering judgment in its favor.  The government has failed to state a claim

for relief against DIRECTV, which is not a party to the challenged merger, much less an acquirer

of any stock or assets (as the Clayton Act requires).  Nor has the government introduced any

evidence that could justify finding that DIRECTV bears any liability in this case or that its

presence is necessary for full and effective relief.

A motion for failure to state a claim upon which relief can be granted may be raised and

considered at trial.  *See* Fed. R. Civ. P. 12(h)(2).  Alternatively, the Court may grant judgment

under Rule 52(c), which provides, in part, as follows:

> If a party has been fully heard on an issue during a nonjury trial and the court
> finds against the party on that issue, the court may enter judgment against the
> party on a claim or defense that, under the controlling law, can be maintained or
> defeated only with a favorable finding on that issue.

*Id.* 52(c).  Under either Rule, the outcome is the same:  DIRECTV has no place in this case and should either be dismissed as a defendant or awarded judgment in its favor.

## I.    DIRECTV Should Be Dismissed Under Rule 12(b)(6) Because The Government Has Failed To State A Claim For Relief Against It.

Section 7 of the Clayton Act applies only to a party that acquires the assets of another entity.  Specifically, Section 7 provides that "[n]o person engaged in commerce … shall *acquire* … the whole or any part of the stock or other share capital … of another person … where … the effect of such acquisition may be substantially to lessen competition."  15 U.S.C. § 18 (emphasis added).  *See also FTC v. Graco Inc.*, No. 11-cv-02239, 2012 WL 3584683, at *3 (D.D.C. Jan. 26, 2012) ("[B]y its terms, Section 7 is directed only to the acquiring party.").  AT&T is the acquiring party.  Compl. at 1 & ¶ 26.  As a wholly-owned subsidiary of AT&T, *id.* ¶ 22, DIRECTV is not acquiring anything and, therefore, cannot be found to violate Section 7.  Under the plain text of the statute, DIRECTV is not a proper defendant.

While some courts have held that parties other than the acquirer—*e.g.*, sellers or acquired entities—can be proper defendants in Clayton Act suits, they have done so only when (1) the merger has been consummated and (2) the other party is necessary to enable the court to afford complete relief.  *See, e.g.*, *United States v. Coca-Cola Bottling Co. of L.A.*, 575 F.2d 222, 226, 230-31 (9th Cir. 1978) (upholding injunction against the sellers and acquiring company in a Clayton Act challenge where the acquisition had already been completed and there was a need to prevent the sellers from liquidating the proceeds of the sale); *accord United States v. E.I. Du Pont de Nemours & Co.*, 353 U.S. 586, 608 (1957) (declining to dismiss appeal of major stockholders in Clayton Act challenge to Du Pont acquisition because "[it] seems appropriate that they be retained as parties pending determination by the District Court of the relief to be granted").

No such circumstance exists here.  DIRECTV is not the seller, the acquired entity, or a major stockholder of the acquirer.  As a wholly-owned subsidiary of AT&T, DIRECTV is not a party to the merger at all.  And the merger itself has not yet been consummated.  *See United States v. Mich. Nat'l Corp.*, No. 74-71882, 1974 WL 982, at *3 (E.D. Mich. Dec. 6, 1974) (stressing that the practice of retaining parties as defendants because they might be needed for complete relief had "only been employed in cases where the relief was of the sort which sought to remove the consequences of an illegal acquisition *after* the consummation of the acquisition").

The relief the government seeks, therefore, cannot possibly run against, or involve, DIRECTV.  Indeed, this is undoubtedly why, in its prayer for relief, the government did not mention DIRECTV.  Instead it requested that "*AT&T and Time Warner* be permanently enjoined from carrying out the proposed merger and related transactions," and from "carrying out any other agreement, understanding, or plan by which *AT&T* would acquire control over *Time Warner* or any of *its* assets."  Compl. ¶ 48.b. (emphases added).

Counsel for the government recently suggested orally to the Court, for the first time, that the government might seek divestiture of DIRECTV.[1]  The government has neither pled nor identified any basis for such relief.  Moreover, the prospect of such a remedy still would not bring DIRECTV within the rationale that courts have used to extend the scope of Section 7: because the Court could directly order AT&T to divest itself of DIRECTV, DIRECTV need not be a party to ensure that this (hypothetical, contrived, and never-pled) relief could be effectuated.

In short, the government not only has failed to state any claim for relief against DIRECTV, but also has pled facts and prayed for relief that affirmatively preclude such relief.

---

[1]  By contrast, in its opening statement the government reaffirmed that its sole request of relief is that the merger be blocked. Tr. 3/22/18, at 39:19–22 ("How do you prevent an unlawful merger? By blocking it.  Stop the merger; stop the harm.  And, Your Honor, that's what we're asking the Court to do.").

## II.    DIRECTV Is Entitled To Judgment Under Rule 52(c) Because The Government Has Offered No Evidence That DIRECTV Will Violate Section 7 Of The Clayton Act Or Is Necessary To Remedy Such A Violation.

Although courts sometimes decline to dismiss non-acquiring parties from Clayton Act cases until the evidence shows whether they are necessary for effective relief, *e.g.*, *Du Pont*, 353 U.S. at 588; *United States v. Pabst Brewing Co.*, 183 F. Supp. 220, 222 (E.D. Wis. 1960), that rationale cannot apply here.  The government has rested and its evidence provides no basis for ordering any relief against DIRECTV.

As its Complaint and pretrial brief previewed, the government does not contend that DIRECTV is or will be an instrument of any anticompetitive harm.  The government offered no testimony or other evidence even hinting, much less demonstrating, that as a result of the merger DIRECTV's incentives or behavior will change for the worse, or that it will be capable of harming competition.  Indeed, the government's chief economic expert has predicted that DIRECTV will charge its subscribers *less* as a result of the merger.  Under the government's view, DIRECTV would be, at most, merely a beneficiary of the post-merger behavior of Time Warner.  *See, e.g.*, U.S. Trial Br. 33-34.

The government previously claimed that it named DIRECTV as a defendant "because [it's] a market participant in part of this merger."  Tr. 3/19/18, at 70:11-12.  So are countless other "market participants," and none of them was named as a defendant.  Nor would there be any basis for suing other market participants as defendants in this suit.

Indeed, the government's explanation for naming DIRECTV as a defendant is so patently implausible that it serves only to confirm that the real motivation for this tactic was to bolster the government's ability to seek the admission of hearsay statements made by DIRECTV before AT&T acquired DIRECTV in 2015, such as statements made about the Comcast-NBCU

transaction as far back as 2010.  Those statements, however, are inadmissible against AT&T and Time Warner, the only proper parties to this action.  *Calhoun v. Baylor*, 646 F.2d 1158, 1162 (6th Cir. 1981) ("Rule 801(d)(2) does not include statements by predecessors in interest among the types of statements the rule makes admissible.").  And those statements provide no basis for concluding that DIRECTV is a proper defendant.

Ordinarily, a court resolving a motion under Rule 52(c) "must weigh the evidence, resolve any conflicts in it, and decide where the preponderance lies."  *Burke v. Record Press, Inc.*, 951 F. Supp. 2d 26, 31 (D.D.C. 2013), *aff'd*, 816 F.3d 878 (D.C. Cir. 2016).  Here, the Court's task is much simpler.  The government has offered *no* evidence that DIRECTV will violate Section 7 of the Clayton Act or that its presence as a defendant is (or could be) necessary to ensure an effective remedy for such a violation.  Instead, the government's evidence confirms what was obvious from the Complaint itself—DIRECTV has no place in this case.  This Court should therefore enter judgment in favor of DIRECTV.

## CONCLUSION

For the foregoing reasons, this court should GRANT DIRECTV's motion and either dismiss it with prejudice from this case or enter judgment in its favor.

Date: April 17, 2018

Respectfully submitted,

By: /s/ Daniel M. Petrocelli

Daniel M. Petrocelli (*pro hac vice*)
dpetrocelli@omm.com
M. Randall Oppenheimer (*pro hac vice*)
roppenheimer@omm.com
**O'MELVENY & MYERS LLP**
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

By: /s/ Katrina M. Robson

Katrina M. Robson (D.C. Bar No. 989341)
krobson@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street, N.W.
Washington, D.C. 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

*Counsel for DIRECTV Group Holdings, LLC.*

Robert C. Walters (*pro hac vice*)
rwalters@gibsondunn.com
Michael L. Raiff (*pro hac vice*)
mraiff@gibsondunn.com
**GIBSON DUNN & CRUTCHER**
2100 McKinney Avenue
Suite 1100
Dallas, TX 75201
Telephone: (214) 698-3114
Facsimile: (214) 571-2932

*Counsel for DIRECTV Group Holdings, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that, on April 17, 2018, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

By: /s/ Daniel M. Petrocelli
Daniel M. Petrocelli (*pro hac vice*)
**O'MELVENY & MYERS LLP**
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (310) 553-6700
Facsimile: (310) 246-6779
dpetrocelli@omm.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| *Plaintiff,* | ) |
| v. | ) Case Number 1:17-cv-02511-RJL |
| AT&T INC., DIRECTV GROUP HOLDINGS, LLC, and TIME WARNER INC., | ) |
| *Defendants.* | ) |

**[PROPOSED] ORDER**

Upon consideration of DIRECTV's motion to dismiss or for entry of judgment in its favor, it is hereby **ORDERED** that DIRECTV's motion is **GRANTED**.

**SO ORDERED.**

Dated: _____, 2018.


_____
HON. RICHARD J. LEON
United States District Judge