**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>AT&T INC., DIRECTV GROUP HOLDINGS, LLC, and TIME WARNER INC.,<br><br>*Defendants*. | )<br>)<br>)<br>)<br>)  Case No. 1:17-cv-02511-RJL<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' OPPOSITION TO THIRD PARTIES CBS CORP., TWENTY-FIRST CENTURY FOX, INC., UNIVISION COMMUNICATIONS INC., VIACOM INTERNATIONAL INC., AND THE WALT DISNEY COMPANY'S MOTION TO INTERVENE OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A BRIEF AS *AMICI CURIAE***

CBS, Twenty-First Century Fox, Univision, Viacom, and The Walt Disney Company (collectively, the "Content Companies") seek to intervene or to file a brief *amici curiae* for the "limited purpose" of opposing a proposal included in a brief submitted two weeks ago by RCN, Grande Communications Networks, WaveDivision Holdings, and the American Cable Association (collectively, "RCN") (ECF No. 129). Just as Defendants opposed RCN's motion (ECF No. 130), they likewise oppose the Content Companies' effort to introduce unsworn and untested contentions into the record of this proceeding. Because RCN's motion is not properly before the Court, it provides no basis for the Content Companies' asserted response. If RCN's motion is denied, then the Content Companies' motion should necessarily be denied, too. Indeed, the Content Companies' filing vividly illustrates the impropriety of allowing third parties to add new issues in post-trial submissions: their filings provoke additional filings from other parties, further confusing the issues before the Court. The Court should reject these filings and put an end to these improper attempts to raise new issues outside the crucible of trial.

In all events, the Content Companies should not be permitted to intervene. They identify no interest "relating to the . . . transaction that is the subject of the action," nor will resolution of the government's claim "impair or impede" their ability to protect any interest. Fed. R. Civ. P. 24(a)(2). They do not raise a "claim or defense" sharing a common legal or factual question with the main action. *Id.* 24(b)(1)(B). They do not seek access to documents filed under seal. *Cf. Hughes v. Abell*, No. 09-220(JDB), 2014 WL 12787807, at *6 (D.D.C. Feb. 10, 2014). And, particularly in the context of this expedited trial, with a decision expected imminently, their motion comes far too late in the day. *See* Fed. R. Civ. P. 24(a) (motion to intervene must be "timely"); *id.* 24(b)(1) (same).

## CONCLUSION

The Content Companies' motion should be denied.

Dated: May 31, 2018                              Respectfully submitted,

*/s/ Kenneth M. Fetterman*
Kenneth M. Fetterman (D.C. Bar No. 474220)
kfetterman@kellogghansen.com
**KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.**
1615 M Street N.W., Suite 400
Washington, DC 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999

*Counsel for AT&T Inc., DIRECTV Group Holdings, LLC, and Time Warner Inc.*

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 31, 2018, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

                                              */s/ Kenneth M. Fetterman*
                                              Kenneth M. Fetterman (D.C. Bar No. 474220)
                                              kfetterman@kellogghansen.com
                                              **KELLOGG, HANSEN, TODD,**
                                                 **FIGEL & FREDERICK, P.L.L.C.**
                                              1615 M Street N.W., Suite 400
                                              Washington, DC 20036
                                              Telephone: (202) 326-7900
                                              Facsimile: (202) 326-7999