UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      *Plaintiff,*<br><br>v.<br><br>AT&T INC., DIRECTV GROUP HOLDINGS, LLC, and TIME WARNER INC.,<br><br>      *Defendants.* | Case No. 1:17-cv-02511-RJL |

### THE UNITED STATES' REPLY IN SUPPORT OF ITS MOTION TO RELEASE NONCONFIDENTIAL PORTIONS OF SEALED TRIAL TRANSCRIPTS

Defendants' response, Dkt. #150, presents the Court with an alternative list of portions of the transcript that should remain sealed if the Court grants the United States' motion, Dkt. #149. Defendants' alternative list should be rejected for at least three reasons.

First, without explanation or justification, Defendants seek to seal approximately 160 additional pages of testimony (i.e., all of those excerpts indicated by asterisks in Defendants' response and proposed order), of which less than one page reflects confidential information.[1] Instead, almost every new portion that Defendants seek to seal reflects the Court's evidentiary and other substantive rulings. Transcripts of the Court's sealed bench conferences—particularly those portions containing rulings on substantive matters—are "judicial records," subject to the public's right of access. *See EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) ("A court's decrees, its judgments, its orders, are the quintessential business of the

---

[1] The United States does not object to the following transcript excerpt remaining under seal, as it arguably reflects Defendants' confidential information: Tr. 3815:24–3816:3. Accordingly, a revised proposed order, incorporating this excerpt to remain under seal, is attached to this Reply.

public's institutions."); *United States v. Smith*, 787 F.2d 111, 114 (3d Cir. 1996) ("Although the public and press may be justifiably excluded from sidebar and chambers conferences even when substantive rulings are made, the public interest in the ruling is not diminished. At some stage . . . that ruling must be available for public review so that the purposes of open trials can be satisfied."). Thus, because Defendants' added portions reflect the Court's orders and do not reflect confidential information, they should be unsealed and available to the public.

Second, Defendants omit two portions that the United States determined contain confidential information: Tr. 2286:20–23 and Tr. 2410:19–2411:1. Because Defendants did not provide an explanation or even indicate that they objected to these portions being left under seal, their omission was likely a mere oversight and should be disregarded.

Third, Defendants apparently and inexplicably seek to seal portions of the trial transcript that occurred in open court. Defendants' alternative list proposes sealing Tr. 2055:1–2154:25. This portion comprises the public testimony of AT&T's Dan York, Tr. 2073:1–2086:3, as well as deposition excerpts read into the public record from Cable ONE's Randy Sejen, Tr. 2086:4–2138:15. Yet again, this appears to be an oversight by Defendants and should be disregarded. To the extent Defendants seek to retroactively seal these portions of York's and Sejen's public testimony without explanation, the United States objects.

Dated:  June 26, 2018

/s/  Craig Conrath
Craig Conrath
Nathan Brenner
U.S. Department of Justice
Antitrust Division
Washington, DC 20530
Telephone:  (202) 514-5621
Craig.Conrath@usdoj.gov

*Counsel for Plaintiff United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2018, I caused a true and correct copy of the foregoing document and its exhibits to be served upon the parties of record via ECF.

       /s/ Craig Conrath
Craig Conrath
U.S. Department of Justice
Antitrust Division
Telecommunications and Broadband Section
Washington, DC 20530
Telephone: (202) 514-5621
Craig.Conrath@usdoj.gov

*Counsel for Plaintiff United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   *Plaintiff,*<br><br>v.<br><br>AT&T INC., DIRECTV GROUP HOLDINGS, LLC, and TIME WARNER INC.,<br><br>   *Defendants*. | Case No. 1:17-cv-02511-RJL |

# **ORDER**

Upon the request of the United States that the Court unseal all remaining portions of the trial transcript that do not contain confidential information, it is hereby **ORDERED** as follows:

1) The below list of trial transcript excerpts contain confidential information and thus the Court **DIRECTS** that they shall remain **UNDER SEAL**:

- Tr. 98:23–101:3
- Tr. 281:17–297:21
- Tr. 305:3–330:25
- Tr. 389:16–392:15
- Tr. 431:12–432:19
- Tr. 438:21–440:3
- Tr. 737:14–753:17
- Tr. 876:22–881:1
- Tr. 902:1–970:21
- Tr. 1035:20–1037:10
- Tr. 1147:20–1149:18
- Tr. 1210:6–1227:24
- Tr. 1228:16–1238:18
- Tr. 1255:11–1258:7
- Tr. 1263:8–1268:25
- Tr. 1333:17–1336:3
- Tr. 1346:20–1347:1
- Tr. 1362:3–1363:20

- Tr. 1596:7–1597:3
- Tr. 1878:22–1896:12
- Tr. 1903:1–1957:16
- Tr. 1975:12–1978:9
- Tr. 2001:11–2004:2
- Tr. 2023:17–2072:24
- Tr. 2286:20–23
- Tr. 2410:19–2411:1
- Tr. 2661:20–2663:11
- Tr. 2797:9–2799:2
- Tr. 2805:7–2807:1
- Tr. 2842:25–2851:8
- Tr. 2900:18–2904:4
- Tr. 2918:24–2919:13
- Tr. 2924:11–25
- Tr. 2937:9–2938:23
- Tr. 2944:6–2945:10
- Tr. 2973:12–2974:7
- Tr. 2982:4–2995:12
- Tr. 3007:3–21
- Tr. 3280:1–3289:12
- Tr. 3318:1–3323:7
- Tr. 3351:5–3354:19
- Tr. 3360:5–3368:5
- Tr. 3815:24–3816:3

2) The Court **DIRECTS** that all other portions of the trial transcript shall be **UNSEALED**.

**SO ORDERED**, this ____ day of _____, 2018.

                        HON. RICHARD J. LEON
                        United States District Judge