UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUL 3 1 2018
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. ) Civil Case No. 17-2511 (RJL)
)
AT&T INC., *et al.*, )
)
Defendants. )

## MEMORANDUM ORDER
(July 31, 2018)

Currently before the Court is the Government's Motion to Release Nonconfidential Portions of Sealed Trial Transcripts [Dkt. # 149]. In that motion, filed on June 22, 2018, the Government "requests that the Court unseal all remaining portions of the trial transcript that do not contain confidential information." *See id.* at 1; *see also* Amended Protective Order ¶ F.3 [Dkt. # 58]. Based on its review of the transcripts, the Government provided the Court with a proposed Order that lists all transcript excerpts that disclose proprietary or confidential information and therefore should remain sealed. *See* Proposed Order [Dkt. # 149-1]. In this proposed Order, the Government specifies 42 excerpts, which run to over 400 pages of testimony and bench conferences.

Defendants, in response, state that they do not object to maintaining all of the Government's proposed portions of the trial transcript under seal. *See* Defs.' Response to the U.S.'s Mot. to Release Nonconfidential Portions of Sealed Trial Transcripts 1 [Dkt. # 150]. Defendants do note, however, that, should the Court be inclined to grant the motion, it should maintain under seal not only those excerpts designated by the

Government in its proposed order, but 15 additional excerpts which the defendants believe contain proprietary or confidential information. *Id.*[1] Defendants' 15 proposed excerpts, by the Government's count, tally more than 160 pages. *See* The U.S.'s Reply in Support of its Mot. to Release Nonconfidential Portions of Sealed Trial Transcripts 1 [Dkt. # 151]. The Government, not surprisingly, opposes keeping these additional 15 proposed excerpts identified by defendants under seal. *Id.*

Having reviewed, page by page, the trial transcript excerpts that the parties believe should remain under seal, I have determined that 41 of the 42 excerpts proposed by the Government should remain under seal. In addition, based upon my review, I have concluded that 9 of the 15 excerpts proposed by defendants should also remain under seal because they contain, at least in part, certain sensitive business information that warrants such treatment. In 8 of those 9 excerpts, however, I have reduced the page and line range in the citation in order to minimize the portions of the transcript under seal. For ease of reference, the 9 excerpts proposed by defendants are indicated by an asterisk below.

Thus, upon consideration of the applicable law, the entire record and the parties' arguments, and the Court's individualized review of the sealed trial testimony excerpts identified by the parties, it is hereby

**ORDERED** that the below-listed trial transcript excerpts shall remain **UNDER SEAL**. The Court has applied our Circuit's six-factor test for evaluating motions to seal

---

[1] In a Surreply, defendants present the Court with a revised list of Government and defendant excerpts, correcting for inadvertent transcription errors in their earlier Response. *See* Defs.' Surreply to the U.S.'s Reply to Release Nonconfidential Portions of Sealed Trial Transcript [Dkt. # 152].

or unseal judicial records. *See United States v. Hubbard*, 650 F.2d 293, 317-22 (D.C. Cir. 1980). Weighing those factors, I have concluded that the "interests advanced by the parties" in maintaining the below excerpts under seal, including, most notably, the parties' interests in protecting "sensitive business information" of defendants and third party witnesses, outweighs the public's need to access the excerpts identified below. *Metlife v. Fin. Stability Oversight Council*, 865 F.3d 661, 665, 671-72 (D.C. Cir. 2017) (citing *Hubbard*, 650 F.2d at 317); *see also id.* at 671 n.12 (collecting cases to support proposition that courts "commonly permit redaction" of "sensitive business information and trade secrets").

- Tr. 98:23–101:3
- Tr. 281:17–297:21
- Tr. 305:3–330:24
- Tr. 389:16–392:15
- Tr. 431:12–432:19
- Tr. 438:21–440:3
- Tr. 737:14–753:17
- Tr. 876:22–881:1
- Tr. 901:24–970:25
- Tr. 1035:20–1037:10
- Tr. 1147:20–1149:18
- Tr. 1210:6–1227:24
- Tr. 1228:16–1238:18
- Tr. 1255:11–1258:7
- Tr. 1263:8–1268:25
- Tr. 1333:17–1336:3
- Tr. 1346:20–1347:1
- Tr. 1362:3–1363:20
- Tr. 1545:23–1546:22*
- Tr. 1548:24–1549:19*
- Tr. 1550:17–1551:5*
- Tr. 1593:6–8*
- Tr. 1596:7–1597:3
- Tr. 1878:22–1896:12
- Tr. 1903:1–1957:16
- Tr. 1975:12–1978:9
- Tr. 2001:11–2004:2
- Tr. 2023:17–2072:24
- Tr. 2143:11–15*
- Tr. 2286:20–23
- Tr. 2410:19–2411:1
- Tr. 2593:7–18*
- Tr. 2595:8–11*
- Tr. 2596:19*
- Tr. 2661:20–2663:11
- Tr. 2805:7–2807:1
- Tr. 2842:25–2851:8
- Tr. 2900:18–2904:4
- Tr. 2918:24–2919:13
- Tr. 2924:11–25
- Tr. 2937:9–2938:23
- Tr. 2944:6–2945:10
- Tr. 2973:12–2974:7
- Tr. 2982:4–2995:12
- Tr. 3007:3–21
- Tr. 3280:1–3289:12

- Tr. 3318:1–3323:7
- Tr. 3351:5–3354:19
- Tr. 3360:5–3368:5
- Tr. 3815:24–3816:3*

It is further **ORDERED** that all other portions of the transcripts in these proceedings be **UNSEALED**.

**SO ORDERED.**

*signature*

RICHARD J. LEON
United States District Judge